NOT DESIGNATED FOR PUBLICATION

No. 113,919

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANA J. GIBSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed February 12, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

*Per Curiam*: Dana J. Gibson appeals the district court's revocation of his probation and the imposition of his prison sentence. Gibson also asserts that the use of prior convictions at sentencing, without putting them to a jury and proving them beyond a reasonable doubt, violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Gibson moved for a summary disposition of his appeal pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67) in lieu of submitting an appellate brief. We granted Gibson's motion. In a show cause order we questioned whether this appeal is now moot. We have since learned that Gibson has completed his prison sentence. But he

1

remains under postrelease supervision until April 4, 2016. Further, Gibson raises an *Apprendi* issue which is not affected by the completion of his prison sentence. Accordingly, we will consider Gibson's appeal.

Gibson was placed on probation following his convictions for possession of methamphetamine and theft, with an underlying prison sentence of 12 months. Within 6 weeks of being granted probation Gibson was charged with probation violations. Based on Gibson's conduct the State characterized him as "someone who's absconded from probation, who is not taking the responsibilities and the opportunities for treatment that are available in this community." Gibson stipulated to the violations and told the court, "I was scared to go to prison at the same time so that's why I absconded." The district court revoked Gibson's probation and declined to reinstate it, noting that Gibson's behavior of absconding indicated that he was not a person who was going to successfully complete probation. The district court imposed the underlying sentence based on Gibson's "absconder status."

In his motion for a summary disposition of this appeal Gibson acknowledges that he admitted to the court that he absconded from probation, and he cites as a controlling statute K.S.A. 22-3716(c)(8) which deals with offenders who abscond from supervision while on probation.

On appeal, Gibson argues the district court abused its discretion when it revoked his probation and remanded him to serve his prison sentence. But Gibson acknowledges that the court was not required by statute to first impose intermediate sanctions because of Gibson's admission that he had absconded.

Unless required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). We will not overturn the district court's order revoking Gibson's probation unless Gibson shows that the district

court abused its discretion in doing so. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Gibson does not contend the district court made an error of law or fact in its ruling. The bases Gibson cites for reinstating his probation would have justified the district court reinstating probation, but they did not compel the district court to do so. We find nothing unreasonable about the district court's decision not to reinstate Gibson's probation under the facts presented.

Gibson also argues that the district court violated his rights under the Sixth Amendment to the United States Constitution when it increased his sentence based upon his prior criminal history. He cites *Apprendi* in support. But Gibson's appeal on this issue is untimely because he did not pursue a timely direct appeal after he was sentenced. See K.S.A. 2014 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). We conclude that we have no jurisdiction to consider Gibson's *Apprendi* claim. Accordingly, this issue on appeal is dismissed.

Affirmed in part and dismissed in part.

3