NOT DESIGNATED FOR PUBLICATION

No. 114,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT A. HOBAUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 10, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*:  Scott A. Hobaugh appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Hobaugh's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On February 11, 2014, Hobaugh pled guilty to one count of felony theft and one count of possession of marijuana, a class A misdemeanor. On April 25, 2014, the district court imposed the presumptive sentence of 15 months' imprisonment for the felony theft conviction but granted a dispositional departure to probation with community corrections

for 12 months. The district court imposed a consecutive sentence of 12 months in the county jail on the misdemeanor conviction.

At a hearing on October 3, 2014, Hobaugh stipulated to violating numerous conditions of his probation. The district court revoked, reinstated, and extended Hobaugh's probation for an additional 12 months. At a hearing on June 1, 2015, Hobaugh again stipulated to violating numerous conditions of his probation, including failing to refrain from drugs, failing to follow his curfew, and failing to report to his supervisor as directed. The district court found that Hobaugh was no longer amenable to probation and that his welfare would no longer be served by continued supervision or further intermediate sanctions. Accordingly, the district court revoked Hobaugh's probation and ordered him to serve his underlying sentence. Hobaugh timely appealed.

On appeal, Hobaugh contends that the district court erred in revoking his probation and ordering him to serve his original sentence when other sanctions were still available. Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Hobaugh acknowledges, the district court may revoke probation without imposing intermediate sanctions if the district court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that

the welfare of the offender will not be served by such sanction. See K.S.A. 2015 Supp. 22-3716(c)(9). Here, the district court found that Hobaugh's welfare would not be served by continued supervision or further intermediate sanctions. Hobaugh does not challenge the adequacy of this finding; thus, the district court did not err by failing to impose an intermediate sanction.

Moreover, we note that Hobaugh initially received a dispositional departure to probation and he had a prior probation violation. The district court's decision to revoke Hobaugh's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Hobaugh's probation and ordering him to serve his underlying sentence.

Hobaugh also contends that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his criminal history to increase his sentence without proving the criminal history to a jury beyond a reasonable doubt. But as the State points out, Hobaugh did not timely appeal his sentence which was imposed on April 25, 2014. See K.S.A. 2015 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Because Hobaugh did not timely appeal his sentence, this court lacks jurisdiction to consider his *Apprendi* claim.

Affirmed in part and dismissed in part.