NOT DESIGNATED FOR PUBLICATION

No. 114,367

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM L. EMERY, II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 22, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*: Defendant William L. Emery, II, contends that the Sedgwick County District Court abused its discretion in revoking his probation and then ordering him to serve his underlying prison sentence in this case. The district court extended Emery several chances to stay on probation despite lapses that included his continued use of illegal drugs and associated criminal behavior. We find no error and affirm the district court's decision.

Under an agreement with the State, Emery pled guilty in No. 11 CR 3404 to one count each of felony criminal damage to property and misdemeanor theft. In exchange for Emery's pleas, the State agreed to recommend the mitigated guidelines term for the

1

criminal damage to property count and 12 months in jail for the misdemeanor theft count to be served concurrently. The agreement permitted the State to ask that those sentences run consecutive to Emery's controlling sentence of 53 months in No. 11 CR 3018. But the State agreed to support a dispositional departure to closely supervised probation. On February 16, 2012, the district court sentenced Emery in conformity with the plea agreement by imposing an underlying prison term of 13 months and granted his motion for a dispositional departure to probation for 36 months. The record in this case shows Emery has battled drug addiction since he was a teenager—a 20-year fight during which the drugs seem to have won considerably more rounds.

On June 14, 2012, Emery's intensive supervision officer filed an affidavit alleging that Emery had committed eight violations of his probation, including positive drug tests for amphetamines and cocaine. Eight days later, the intensive supervision officer filed another affidavit with additional alleged violations:  Emery had been in contact with the victim in No. 11 CR 3018; and Emery failed to report his recent arrest for criminal damage to property. At a hearing on July 13, 2012, Emery admitted the probation violations. The district court revoked, reinstated, and extended Emery's probation by 19 months with the condition he complete a residential community corrections program.

On April 3, 2013, Emery's intensive supervision officer filed a new affidavit asserting that Emery had violated the terms of his probation by shoplifting and by being "out-of-place of assignment." After Emery admitted to the violations during a hearing on May 16, 2013, the district court revoked, reinstated, and extended Emery's probation by 36 months and ordered him to serve a 60-day jail sanction. As a result of the shoplifting, Emery was charged in No. 12 CR 2488 with felony theft as a repeat offender. He entered a plea in that case in August 2013 and was later sentenced to a 15-month term of imprisonment and placed on probation for 12 months.

On February 26, 2015, the intensive supervision officer assigned to Emery filed an affidavit alleging Emery had violated the terms of his probation by testing positive for amphetamines and by committing the misdemeanor "offense of Interference with a Law Enforcement Officer and False Report." On April 30, 2015, the district court conducted a joint probation revocation hearing in Nos. 11 CR 3018, 11 CR 3404, and 12 CR 2488, although the cases had not been formally consolidated. Emery admitted both of the alleged probation violations.

The State requested the district court revoke Emery's probation in all of the cases and impose the underlying prison sentences, since Emery had already received an intermediate sanction and continued to violate both the terms of probation and the law. Emery asked the district court to reinstate his probation and explained that his sister's death prompted his most recent relapse. According to Emery, he was his sister's next-of-kin and had to make the decision to discontinue her life support after she had been declared brain dead.

The district court ultimately revoked Emery's probation in each case and ordered him to prison. The district court specifically found that Emery had committed a new crime—the misdemeanor interference offense—so no intermediate sanction was required. See K.S.A. 2015 Supp. 22-3716(c)(8). But the district court modified the sentences so Emery would serve all of them concurrently, resulting in a controlling 53-month term of imprisonment.

Emery timely appealed the revocation of his probation in each of the district court cases, resulting in three separate appeals. Emery has requested summary disposition without full briefing under Kansas Supreme Court Rule 7.041a (2015 Kan. Ct. R. Annot. 67). The court granted the request after the State agreed summary disposition would be appropriate. The appeals have not been consolidated in this court. Nonetheless, this panel has decided all of them and has issued separate opinions in the other two cases. See *State*

3

*v. Emery*, No. 114,366 (unpublished opinion), this day decided; *State v. Emery*, No. 114,368 (unpublished opinion), this day decided. The opinions overlap considerably, given the common factual and procedural histories of the cases and the appellate issue.

For his sole claim on appeal, Emery submits the district court abused its discretion by refusing to reinstate his probation. Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violations satisfies the first step. Here, Emery so stipulated, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Emery carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Emery does not suggest the district court misunderstood the governing law or mistook the relevant facts. Rather, he contends the decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

4

As we have indicated, the district court afforded Emery multiple opportunities to succeed on probation despite his repeated transgressions. Over a 3-year period, Emery could not refrain from abusing drugs for extended periods and regularly drifted back to criminal behavior, much of which was probably aimed at supporting his addiction. Faced with Emery's inability to succeed in a comparatively structured probation setting, the district court fairly concluded a far more restrictive prison environment presented a better chance for Emery to beat his addiction while securing the general public against his continued criminal conduct.

Under these circumstances, we conclude the decision to revoke Emery's probation easily rested within the discretionary authority afforded the district court and comported with what many other district courts would do in like cases. There was no abuse of discretion.

Affirmed.