NOT DESIGNATED FOR PUBLICATION

No. 115,388

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT GURROLA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed January 6, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*: Scott Gurrola appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence. We granted Gurrola's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and joined in Gurrola's motion for summary disposition. Finding no error in the district court's actions, we affirm.

Gurrola pled guilty to one count of aggravated burglary in March 2014. The district court found that his criminal history score was A. Gurrola moved for a dispositional departure and, at the joint recommendation of the parties, the district court granted the motion. The presumptive sentence was prison, but Gurrola was granted 36 months' probation with a 136-month underlying sentence.

1

In September 2014 Gurrola stipulated to violating his probation and the district court ordered him to report to a community corrections residential facility. In February 2015 Gurrola again stipulated to violating his probation. The district court ordered him to serve 180 days in jail and then continue completing the residential program. Gurrola stipulated to violating his probation a third time in November 2015. This time the district court revoked Gurrola's probation and imposed the underlying sentence on the basis that Gurrola committed a new offense—aggravated escape from custody.

On appeal, Gurrola's motion for summary disposition argues that "[t]he district court abused its discretion by denying Mr. Gurrola's motion to reinstate probation, in lieu of further sanctions, and imposing the underlying sentence because Mr. Gurrola established a need for addiction treatment."

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

Here, Gurrola stipulated to violating his probation by escaping from custody. This occurred at Gurrola's third probation revocation hearing. Based on the record on appeal, the district court's decision to revoke Gurrola's probation was not arbitrary, fanciful, or unreasonable. We conclude that the district court did not abuse its discretion by revoking Gurrola's probation and ordering him to serve his underlying sentence.

Gurrola also contends that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by increasing his sentence based on his criminal history, without proving the criminal history to a jury beyond a reasonable doubt. However, Gurrola did not timely appeal his original sentence, which was imposed in May 2014. See K.S.A. 2015 Supp. 22-3608; *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to probation revocation and not as to original sentence). Even if Gurrola's appeal was timely, however, Gurrola concedes that the Kansas Supreme Court has held that *Apprendi* does not require proof of a prior conviction by a jury beyond a reasonable doubt in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

Affirmed.