NOT DESIGNATED FOR PUBLICATION

No. 116,106

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RENE M. IBARRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed February 24, 2017. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Rene M. Ibarra appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Ibarra's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On July 1, 2014, Ibarra pled guilty to one count possession of methamphetamine. On August 7, 2014, the district court sentenced Ibarra to 34 months' imprisonment but granted a dispositional departure to probation with community corrections for 36 months.

1

At a hearing on April 20, 2016, Ibarra admitted to violating his probation on numerous grounds including the commission of new crimes for which he pled guilty. The district court revoked Ibarra's probation and ordered him to serve a modified sentence of 32 months' imprisonment. Ibarra timely appealed.

On appeal, Ibarra claims the district court "erred in revoking his probation and ordering him to serve his original sentence without first imposing an intermediate sanction in the Department of Corrections." He also contends the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without putting it to a jury and proving it beyond a reasonable doubt.

The procedure for revoking a defendant's probation or assignment to community corrections is governed by K.S.A. 2016 Supp. 22-3716. Traditionally, once a defendant on probation violated that probation, the district court had the discretion to revoke the probation and order that the defendant serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, our legislature limited a district court's discretion to order that a probation violator serve his or her underlying sentence by amending K.S.A. 22-3716. The statute as amended provides that after finding that the conditions of probation have been violated, the court is to apply graduated intermediate sanctions ranging from modification of the defendant's release conditions to brief periods of confinement in jail that increase in length depending on the number of lesser sanctions already imposed by the court. See

K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8)(A), the district court may revoke probation without first imposing an intermediate sanction if the offender commits a new felony or misdemeanor while he or she is on probation.

Here, Ibarra acknowledges that his probation was revoked because he committed new crimes while on probation. The district court was not required to impose an intermediate sanction in this instance, and the court's decision to revoke Ibarra's probation was not arbitrary, fanciful, or unreasonable. Thus, we conclude the district court did not err in revoking Ibarra's probation and ordering him to serve a modified sentence.

Ibarra also contends that the district court violated his constitutional rights under *Apprendi* by using his prior criminal history to increase his sentence without putting it to a jury and proving it beyond a reasonable doubt. However, Ibarra did not timely appeal his sentence, which was imposed on August 7, 2014. See K.S.A. 2016 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Ibarra did not timely appeal his sentence, this court lacks jurisdiction to address his *Apprendi* claim.

Affirmed in part and dismissed in part.