NOT DESIGNATED FOR PUBLICATION

Nos. 116,814
116,815

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIQUE D. DAILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed September 15, 2017. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before GREEN, P.J., BUSER and LEBEN, JJ.

PER CURIAM: Dominique D. Dailey appeals from the revocation of her probation. We granted Dailey's motion for summary disposition in lieu of briefs as stated under Supreme Court Rule 7.041A(b) (2017 Kan. S. Ct. R. 48). Finding no merit in Dailey's contention that the trial court erred in revoking her probation, we reject this argument.

In Sedgwick County criminal case No. 15 CR 180, Dailey pled guilty to one count of aggravated battery. The trial court sentenced Dailey to 24 months' probation with an underlying term of 18 months' imprisonment followed by 12 months' postrelease supervision. While on probation, Dailey committed a stalking offense; the State charged

1

her with stalking in Sedgwick County criminal case No. 16 CR 821. Dailey entered a plea agreement with the State where she admitted that she had violated her probation in 15 CR 180 by committing a stalking offense. In addition, she agreed under the plea agreement to plead guilty to stalking in 16 CR 821. After she entered a guilty plea in her 16 CR 821 case, the trial court held a joint probation violation and sentencing hearing. For 15 CR 180, the trial court allowed Dailey to remain on probation, but it restarted her 24-month probation term. For 16 CR 821, the trial court sentenced Dailey to 12 months' probation with an underlying term of 13 months' imprisonment followed by 12 months' postrelease supervision. The trial court ran this sentence consecutive to Dailey's sentence in 15 CR 180.

Less than two months later, the State sought to revoke Dailey's probation in both cases. The State alleged that Dailey had tested positive for THC and for alcohol in violation of the terms of her probation. At her joint probation violation hearing, Dailey admitted that the State's allegations of probation violations were true. Still, she requested that the trial court not impose her underlying prison sentences. The State, however, requested that the trial court impose Dailey's underlying prison sentences, arguing that she was a danger to public safety. Agreeing with the State, the trial court found that the nature of Dailey's crimes, as well as her persistent drug use, made her a risk to public safety. The trial court further found that Dailey's actions made her a risk to herself. For these reasons, the trial court ordered that Dailey serve her underlying sentences for both her 15 CR 180 and 16 CR 821 cases. The trial court then modified Dailey's underlying prison sentences to 15 months' imprisonment for her 15 CR 180 case and 10 months' imprisonment for her 16 CR 821 case.

Dailey now appeals the trial court's decision to revoke her probation in both her 15 CR 180 and 16 CR 821 cases. Appellate courts review probation revocation challenges for an abuse of discretion. See *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016).

Generally, trial courts must impose graduated sanctions on defendants who have violated their probation. See K.S.A. 2016 Supp. 22-3716. Yet, under K.S.A. 2016 Supp. 22-3716(c)(4), trial courts may skip imposing graduated sanctions and immediately revoke a defendant's probation if it "finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by such assignment to a community correctional services program."

Although somewhat unclear, it seems that Dailey believes that the trial court erred when it revoked her probation in 15 CR 180 and 16 CR 821 because it failed to consider that she would have sought treatment for her drug and alcohol addictions but for a misunderstanding about who was required to pay for treatment. Thus, Dailey does not take issue with the degree of particularity of the trial court's public safety and inmate welfare findings. Moreover, Dailey does not take issue with the sufficiency of the evidence supporting the trial court's findings. Instead, her only issue with the trial court's decision is that she believes it did not adequately consider her misunderstanding about drug and alcohol treatment.

Nevertheless, Dailey has not explained why she believes the trial court failed to consider this misunderstanding. In any event, any misunderstanding on her part does not undermine the trial court's public safety and inmate welfare findings. That is, regardless of Dailey's misunderstanding, the trial court determined that Dailey was a risk to the public and to herself based upon the nature of her crimes and her repeated drug and alcohol abuse. Because Dailey has not taken issue with the trial court's factual findings that she was a risk to public safety and to herself, she cannot establish that the trial court acted unreasonably by making those findings. In short, we affirm the revocation of Dailey's probation and imposition of her underlying prison sentences because Dailey's arguments have not established that the trial court's decision to revoke her probation based upon public safety and inmate welfare needs was an abuse of discretion.

3

Last, on appeal Dailey has also argued that the trial court violated her constitutional rights as stated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used her criminal history to determine her presumptive Kansas Sentencing Guidelines Act sentences. Although we note that our Supreme Court has rejected this exact argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), we lack jurisdiction to consider this argument on appeal. Under K.S.A. 2016 Supp. 22-3608(c), defendants must appeal their convictions and sentences no later than 14 days after the trial court pronounces its sentence. See also *State v. Inkelaar*, 38 Kan. App. 2d 312, 318, 164 P.3d 844 (2007) (explaining that appellate courts lack jurisdiction to consider defendants' sentencing challenges following an appeal from the revocation of their probation). Here, Dailey's appeals came months after the trial court imposed her 15 CR 180 and 16 CR 821 sentences. As a result, we reject this argument.

Affirmed in part and dismissed in part.