(164 P.3d 844)
No. 95,737

STATE OF KANSAS, *Appellee*, v. MARCUS A. INKELAAR, *Appellant*.

Opinion filed August 17, 2007.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before MARQUARDT, P.J., MCANANY, J., and BRAZIL, S.J.

BRAZIL, J.: Marcus A. Inkelaar appeals from the district court's order revoking his probation. Inkelaar also appeals from the court's original sentencing order assessing him attorney fees to reimburse the Board of Indigents' Defense Services (BIDS). See K.S.A. 2006 Supp. 22-4513. We affirm the revocation of probation and dismiss the challenge to the BIDS fees for lack of jurisdiction.

Inkelaar was charged in Sedgwick County District Court with one count of rape and one count of aggravated indecent liberties with a child. The rape charge alleged Inkelaar engaged in sexual intercourse with a victim under the age of 14; the aggravated indecent liberties charge alleged Inkelaar engaged in sexual intercourse with another girl who was 14 years old.

Thereafter, Inkelaar entered into a plea agreement with the State in which he agreed to plead guilty to two amended counts of attempted aggravated indecent liberties with a child, severity level 5 felonies. The agreement also provided that the State would recommend the upper number in the appropriate sentencing grid box with the sentences to run concurrently. Under the agreement, the defendant was free to request probation, although the State would argue that the presumptive sentence should be imposed.

On April 8 and May 27, 2004, sentencing hearings were held. The court found Inkelaar's crime fell in the 5-I border box and that the presumptive sentencing range was 31-32-34 months' incarceration. The court continued the original sentencing hearing in order to determine whether Inkelaar would qualify for Labette Correctional Conservation Camp (Labette). At a subsequent hearing, the court ultimately placed Inkelaar on probation for 36 months and imposed an underlying sentence of 32 months' incarceration. Inkelaar was ordered to successfully complete Labette. The court also ordered Inkelaar to reimburse BIDS for $605 in attorney fees and $50 administrative fee.

Inkelaar successfully completed the Labette program in November 2004 and returned to Sedgwick County. In March 2005, a warrant was issued alleging Inkelaar violated his probation by failing to attend sexual offender treatment as directed and failing to

maintain full-time employment. Inkelaar stipulated to violating his probation as alleged and requested his probation be reinstated. The court ultimately revoked and then reinstated Inkelaar's probation; the court extended Inkelaar's probation and assigned him to residential community corrections.

In June 2005, a second warrant was issued alleging Inkelaar violated his probation by violating the law and by failing to maintain full-time employment. During the hearing, Tilja Day Cloud testified that she was a managing partner at a Sonic restaurant and that she hired Inkelaar to work as a cook. Cloud testified that on June 2, 2005, she was in the restaurant office with the bag containing the $300 the restaurant had on hand to start the day. Inkelaar was sitting in the office waiting to clock in when Cloud left the office to assist another employee, covering the money bag with a couple of books and magazines. When Cloud returned to the office, most of the money was gone from the bag. Cloud told everyone in the restaurant she would give them a chance to return the money by placing it in the bathroom, but no one returned the money. Cloud then called police.

Cloud and the police reviewed the restaurant's security tapes for about an hour and determined Inkelaar picked up the stack of magazines and money bag, walked out of the view of the camera, and then returned with the magazine stack. Thereafter, Inkelaar was arrested and searched; they found no money on him. During the hour between the money disappearing and his arrest, however, Inkelaar's girlfriend had visited him at the restaurant.

The court ultimately found there was sufficient circumstantial evidence to establish Inkelaar stole money from his employer. The court then revoked Inkelaar's probation and ordered him to serve the original sentence imposed. Inkelaar timely appealed from this order.

### Evidence of violation of probation

On appeal, Inkelaar contends there was insufficient evidence to prove he committed the theft at the Sonic restaurant and, therefore, the district court erred in finding he violated the terms of his probation. Specifically, Inkelaar noted the criminal theft charges

against him had been dismissed by the municipal court without prejudice and that no money was found on his person when he was searched.

To sustain an order revoking probation, the violation must be established by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true. *Ortega v. IBP, Inc.*, 255 Kan. 513, 527-28, 874 P.2d 1188 (1994).

Generally, appellate review of a factual determination is governed by the substantial evidence standard:

"Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. [Citation omitted.]" *State v. Luna*, 271 Kan. 573, 574-75, 24 P.3d 125 (2001).

Inkelaar emphasizes he was never convicted of theft or embezzlement and, in fact, the municipal theft charges were dismissed without prejudice. However, he fails to cite to any portion of the record that supports his claim that criminal charges were dismissed. Facts in the brief not keyed to the record on appeal are presumed to be without support under Supreme Court Rule 6.02(d) (2006 Kan. Ct. R. Annot. 36).

Regardless, an eventual criminal conviction for the act which violated the condition of probation is not required to support an order revoking probation. In *State v. Rasler*, 216 Kan. 292, 295, 532 P.2d 1077 (1975), the Supreme Court held that under K.S.A. 22-3716, probation could be revoked based upon commission of another crime even if the defendant was never charged with the crime or was charged but later acquitted. See also *State v. Thompson*, 687 N.E.2d 225, 229 (Ind. App. 1997) (probation may be revoked under preponderance of evidence standard even where State had not convicted defendant by establishing guilt beyond a reasonable doubt); *State ex rel. Cooper v. Hutcherson*, 684 S.W.2d 857, 858 (Mo. App. 1984) (weight of authority in other jurisdictions shows that probation may be revoked on facts of charged offense

even though defendant was acquitted under the different standard of proof); *Vaughn v. State,* 962 P.2d 149, 152 (Wyo. 1998) (because standard of proof differs, court may revoke probation even though defendant acquitted in criminal proceeding based on same act violating probation).

The witnesses testified that the restaurant's video camera recorded images of Inkelaar picking up the stack containing magazines and the money bag, the stack disappearing, and then shortly thereafter returning the magazines and bag to its original location. No one else was recorded going near the money bag. Although no money was found on Inkelaar's person when he was searched later, there was evidence that Inkelaar's girlfriend visited him at the restaurant between the time the money disappeared and Inkelaar was searched.

There was some question about the videotape because the recording was multiplexed, meaning it recorded information from a variety of different cameras that makes it impossible to review one camera's recording continuously on a standard video player. However, the computer program at the restaurant had the technology to view the recording from individual cameras on a continuous basis, and the restaurant manager, police officer, and Inkelaar had reviewed that continuous display on the day of his arrest.

Based on the record, there is substantial competent evidence to support the district court's finding that the State proved Inkelaar committed theft by a preponderance of the evidence. Inkelaar was recorded as the only person who had access to the money bag during the time period in which the money disappeared and that he removed the bag from camera view and, thereafter, replaced it. Shortly thereafter, it was determined money was missing from the bag.

Once a violation is proven, the decision to revoke probation rests in the sound discretion of the district court. Judicial discretion is abused only when no reasonable person would take the position adopted by the district court. *Gumfory,* 281 Kan. at 1170.

In this case, Inkelaar's original convictions fell within a border box which could have resulted in a prison sentence. Instead, Inkelaar was placed on probation and sent to Labette. After com-

pleting Labette, Inkelaar's probation had been revoked and reinstated previously for failure to comply with the terms of his probation. Under all the circumstances, it was not an abuse of discretion for the district court to revoke his probation after the State showed it was more likely than not that Inkelaar stole money from his employer. For these reasons, the action of the district court in revoking Inkelaar's probation was not an abuse of discretion.

### Assessment of attorney fees

On appeal, Inkelaar also contends the district court erred in ordering him to reimburse the BIDS for $605 in attorney fees at his original sentencing because the court failed to consider his financial resources or the burden that such an assessment would pose.

The attorney fees were assessed at Inkelaar's original sentencing hearing in May 2004. However, Inkelaar's notice of appeal was filed in December 2005, well beyond the 10-day period permitted under K.S.A. 22-3608(c). Thus, the panel must first consider whether this court has jurisdiction to address this issue.

Whether jurisdiction exists is a question of law subject to unlimited appellate review. *State v. Huff*, 278 Kan. 214, 217, 92 P.3d 604 (2004). An appellate court has a duty to question jurisdiction on its own initiative. If the record shows that there is no jurisdiction for the appeal, the appeal must be dismissed. *State v. Wendler*, 280 Kan. 753, 755, 126 P.3d 1124 (2006). The right to appeal is purely statutory and is not contained in either the Kansas or federal Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to consider an appeal only if the appeal is taken in the manner prescribed by statute. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004).

To challenge a conviction or sentence, a defendant must file a notice of appeal within 10 days of sentencing under K.S.A. 22-3608(c). If the defendant fails to timely file a notice of appeal, the appeal should be dismissed for lack of jurisdiction unless one of the limited exceptions exist under *State v. Phinney*, 280 Kan. 394, 401-02, 122 P.3d 356 (2005).

Here, Inkelaar filed his notice of appeal within 10 days of his probation revocation. However, this same notice of appeal was filed more than 10 days after the original sentencing when the BIDS fees were assessed. Furthermore, the district court's failure to properly assess BIDS fees does not constitute an "illegal" sentence which can be corrected at any time pursuant to K.S.A. 22-3504. *State v. Robinson*, 281 Kan. 538, 546-47, 132 P.3d 934 (2006).

After the appellant's brief was filed, this court issued an order asking Inkelaar to show cause why his challenge to the BIDS issue should not be considered untimely and dismissed. In his response, Inkelaar relied on K.S.A. 22-3602(a), which states that "an appeal . . . may be taken by the defendant as a matter of right from any judgment . . . and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." Inkelaar asserts this permits him to challenge even the original sentencing which occurred 18 months before his probation was finally revoked and he was ordered to serve that sentence.

Inkelaar's interpretation of K.S.A. 22-3602(a) would exacerbate the requirement of filing a timely notice of appeal in criminal cases and ignores established case law that the judgment from a sentence is a separate judgment from a probation violation order. See *State v. Carr*, 274 Kan. 442, 451, 53 P.3d 843 (2002) (reiterating that probation is separate and distinct from the sentence). A more reasonable interpretation limits the statute to the *judgment* and intermediate orders leading to that judgment, not separate judgments that might have been filed later under the same case number.

Therefore, this court only has jurisdiction to consider whether the court properly revoked Inkelaar's probation. It does not have jurisdiction to review the underlying convictions or sentences. See *Huff*, 278 Kan. at 217 (holding appellate courts only obtain jurisdiction over rulings identified in the notice of appeal).

Accordingly, Inkelaar's challenge to the BIDS fees assessed during his original sentencing hearing are dismissed for lack of jurisdiction.

Affirmed in part and dismissed in part.