NOT DESIGNATED FOR PUBLICATION

No. 115,833

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY SCOTT RUEHLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed December 16, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Zachary Scott Ruehlen appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Ruehlen's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On February 21, 2014, Ruehlen pled guilty to one count of attempted aggravated arson. On March 20, 2014, the district court sentenced Ruehlen to 18 months' imprisonment but granted probation with community corrections for 18 months.

1

At a hearing on March 22, 2016, Ruehlen admitted to violating his probation by (1) using marijuana, (2) failing to take a required urinalysis, and (3) failing to report. The district court initially ordered Ruehlen to serve a 180-day sanction with the Department of Corrections. After a short break in the hearing, Ruehlen asked the district court to terminate his probation. If the district court denied that request, Ruehlen stated that he would rather have his probation revoked with an order to serve his original sentence, as opposed to serving the intermediate sanction. The district court denied Ruehlen's request to terminate his probation. Instead, the district court revoked Ruehlen's probation and ordered him to serve his original sentence, finding that a 180-day sanction would not serve the welfare of the defendant. Ruehlen timely appealed.

On appeal, Ruehlen contends that the district court erred in refusing to terminate his probation. He also contends that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without putting it to a jury and proving it beyond a reasonable doubt.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court initially ordered Ruehlen to serve a 180-day sanction with the Department of Corrections. Ruehlen rejected the intermediate sanction; he asked the district court to either terminate his probation or to revoke his probation and order him to serve the original sentence. The district court revoked Ruehlen's probation and ordered him to serve his original sentence, finding that a 180-day sanction would not serve the welfare of the defendant. See K.S.A. 2015 Supp. 22-3716(c)(9).

The district court's decision to revoke Ruehlen's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Moreover, Ruehlen does not challenge the district court's finding that ordering the intermediate sanction would not serve the welfare of the defendant. Thus, we conclude the district court did not abuse its discretion in revoking Ruehlen's probation and ordering him to serve his underlying prison sentence.

Ruehlen also contends that the district court violated his constitutional rights under *Apprendi* by using his prior criminal history to increase his sentence without putting it to a jury and proving it beyond a reasonable doubt. However, Ruehlen did not timely appeal his sentence, which was imposed on March 20, 2014. See K.S.A. 2015 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Because Ruehlen did not timely appeal his sentence, this court lacks jurisdiction to consider his *Apprendi* claim.

Affirmed in part and dismissed in part.

3