NOT DESIGNATED FOR PUBLICATION

No. 114,537

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY LOVE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed December 16, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Tony R. Love appeals the district court's denial of his motion to correct illegal sentence. We granted Love's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On June 22, 1995, Love pled guilty to an amended charge of aggravated assault, a severity level 7 person felony. The date of the offense was July 5, 1994. The district court found that Love had a criminal history score of C, based in part on his pre-1993 Kansas aggravated robbery conviction in 79CR756, which was scored as a person felony for criminal history purposes. On September 12, 1995, the district court sentenced Love to 23 months' imprisonment with 12 months' postrelease supervision.

1

On November 21, 2014, Love filed a "Motion to Correct Manifest Injustice/Motion to Correct Illegal Sentence" based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Love argued that his pre-1993 Kansas aggravated robbery conviction should have been scored as a nonperson felony for criminal history purposes. The district court filed orders on December 17, 2014, and January 25, 2015, denying Love's motion. Love appealed.

On appeal, Love argues that the district court erred in classifying his pre-1993 Kansas aggravated robbery conviction as a person felony. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Love acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90. Love does not dispute that in Kansas the crime of aggravated robbery was a person offense at the time Love's current crime of conviction was committed in 1994. Based on *Keel*, the district court did not err in classifying Love's pre-1993 Kansas aggravated robbery conviction as a person offense for criminal history purposes. Thus, the district court did not err in denying Love's motion to correct illegal sentence.

Love also contends that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without putting it to a jury and proving it beyond a reasonable doubt. However, Love did not timely appeal his sentence

which was imposed on September 12, 1995. See K.S.A. 2015 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2208) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Because Love did not timely appeal his sentence, this court lacks jurisdiction to consider his *Apprendi* claim.

Affirmed in part and dismissed in part.