NOT DESIGNATED FOR PUBLICATION

No. 116,072

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOM D. BELL, JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 4, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood,* assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.


*Per Curiam*: When a district court finds that an offender has committed a new felony or misdemeanor while the offender is on probation, the court has discretion to revoke the probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A). Tom D. Bell, Jr., pled guilty to theft. The district court granted Bell probation. The State alleged that Bell violated his probation by committing a new crime. The district court found that a preponderance of evidence supported the State's allegations, so it revoked Bell's probation and imposed the underlying sentence of 17 months. On appeal, Bell argues that the State failed to prove the new crime by a preponderance of the evidence. The district court's factual findings

1

are supported by substantial competent evidence; thus, the court did not abuse its discretion in revoking Bell's probation.

FACTUAL AND PROCEDURAL HISTORY

In 2015, Bell pled guilty to theft after he stole beef from a supermarket. Due to Bell's criminal history score of A, the conviction carried a presumptive prison sentence that could range from 15 to 17 months in prison. Pursuant to the terms of a plea agreement, the district court granted a dispositional departure and sentenced Bell to 17 months in prison but placed Bell on probation for 12 months.

The State alleged that Bell violated his probation hours after his sentencing. The facts involved an incident between Bell and his girlfriend. Bell waived an evidentiary hearing and did not contest the allegation. The district court extended Bell's probation to 12 months from the day of the probation violation hearing.

Several months later, the State again alleged that Bell violated his probation by consuming alcohol and by committing a battery. Bell admitted to the alcohol consumption charge but requested an evidentiary hearing on the battery charge. The State called Mack Butler, the victim of the alleged crime, to testify. Butler did not want to testify and told the State's attorney that he did not want to press charges against Bell. Butler testified that Bell and Bell's girlfriend came to visit his apartment and hang out. Butler admitted to drinking vodka but could not remember who brought it or if the others were drinking. When the State's attorney asked if there was an incident between Butler and Bell, Butler answered, "Well, something happen. Like I tell you, I—I drinks and I—I remember very little 'cause I had been drinking then a lot." Butler said that after the incident happened he found himself bruised on the floor of his apartment. Bell was gone when Butler got up. Butler called 911, and EMTs came to his apartment. Butler did not recall telling the 911 operator that Bell hit him, but the State referenced a recording of the

2

911 call in which Butler said that Bell attacked him. It does not appear that the recording was played for the judge. The State's attorney asked Butler if he recalled a conversation 15 to 20 minutes before he testified in which he told the State's attorney that Bell punched him in the face. Butler responded, "Yeah, I might have said that."

The State also called two of the paramedics who responded to Butler's call. One testified that Butler named his attacker, but she could not remember the name. The other testified that Butler told her that "he and some acquaintances had been drinking, and for no apparent reason that he knew, one of the people that he was drinking with started punching him in the face." They also each confirmed that 15 to 20 minutes before Butler testified, he told the State's attorney Bell had committed the crime.

The district court held that the State had proven by a preponderance of the evidence that Butler committed battery. The court considered Butler's reluctance to testify against Bell. But, the court noted that Butler's testimony provided convincing facts: Bell and his girlfriend went to Butler's home, there was an incident, and the next thing Butler remembered he was beaten up and on the floor. The court also considered the statements Butler made, in the presence of the paramedics, just prior to testifying in which he named Bell as his attacker. Having found that Bell committed a new crime, and noting that it was Bell's second crime of violence since being on probation, the court revoked Bell's probation and ordered him to serve the underlying sentence.

Bell appealed.

ANALYSIS

Bell argues that the State failed to prove the battery charge and that the district court abused its discretion in holding that the State met its evidentiary burden. Bell argues that "[t]he testimony from EMS and the photographs presented did not sufficiently

3

show that [Bell] committed the battery." He adds that Butler "denied knowing who did what to him and was quite intoxicated at the time of the events."

A district court has the discretion to revoke an offender's probation if the court finds that the offender has committed a new felony or misdemeanor while the offender is on probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A). The State must prove the new offense by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). "The preponderance standard means the evidence shows a factual proposition—such as the existence of a probation violation—is more likely true than not true." *State v. Garza*, No. 111,506, 2014 WL 7152471, at *2 (Kan. App. 2014) (unpublished opinion).

This court reviews the district court's decision for abuse of discretion. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). This court reviews the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

Uncontested evidence places Bell at Butler's apartment right before the battery occurred. The primary issue is whether Bell was the perpetrator. Butler testified that he did not know who attacked him. But, Butler's testimony was refuted by testimony from the State's other two witnesses, both of whom heard Butler tell the State's attorney that Bell committed the offense. Given Butler's reluctance to testify, it was reasonable for the judge to place more weight on Butler's out-of-court statements than his testimony. Butler's testimony regarding the identity of his attacker was also refuted by the fact that Butler placed Bell at the scene of the crime right before it occurred. Therefore, the district

4

court's factual findings are supported by substantial competent evidence, and the court did not abuse its discretion in revoking Bell's probation.

Affirmed.