NOT DESIGNATED FOR PUBLICATION

No. 116,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JON DEAN MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed December 8, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Thomas Matthews*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WHEELER, D.J.

PER CURIAM: Jon Dean Miller contends the district court erred when it revoked his probation. Because the judge did not mark a box on a probation form which said that he had to comply with the law as a condition of probation, Miller claims that he did not violate his probation when he committed a new crime. We are not so persuaded. The law permits a sentencing court to revoke probation when an offender commits a new felony or misdemeanor while on probation. We find no error in the court's order directing Miller to serve his prison sentence.

1

While we need not elaborate on the details of Miller's crime, the conditions of his probation are pertinent. After Miller pled guilty to criminal threat, a severity level nine person felony, the district court sentenced him to a suspended eight-month prison term and placed him on 12 months' probation.

Two forms make up the record of Miller's probation—the journal entry of sentencing and a probation order form. In the journal entry, the court made some specific orders:

- Miller was to be assessed for domestic violence and follow any recommendations in that assessment;
- he was to be evaluated for substance abuse and follow recommendations in that assessment; and
- he was ordered to have no violent contact with his former wife, Shelley Miller, the victim.

In the probation order form, several possible conditions of probation are listed. In Miller's case, some requirements were marked with an "x":

- Report as directed by his probation officer;
- obtain a domestic violence assessment and successfully comply with any recommendations in that assessment; and
- obtain a substance abuse evaluation and successfully comply with any recommendations.

We note the court did not mark the requirement that "Defendant shall not again violate the law" (condition No. 4). The court also did not mark with an "x" condition No. 19— the requirement that Miller "have no violent contact with _____." But the court filled in

2

the blank with the name Shelley Miller. The transcript of the sentencing hearing revealed that the judge did not pronounce condition No. 4 from the bench.

When the State wanted to revoke Miller's probation a few months later, it claimed that he violated conditions Nos. 4 and 19 of his probation because he was arrested for criminal damage to property for damaging Shelley Miller's car. According to the journal entry, he was convicted of this crime in case No. 15DV1630. Because Miller had been convicted of a new crime, the court found he had violated his probation conditions and revoked it. The judge then placed Miller once again on probation, ordering him to serve 14 days in the county jail over several weekends as a sanction, and then extended his supervision by 12 months.

A few months later, the State filed another motion to revoke Miller's probation, this time claiming that Miller violated condition No. 4 of his probation because Miller was arrested for domestic assault in Missouri. At the revocation hearing, Miller stipulated that he had been arrested, but denied that the arrest was a violation of his probation because an arrest is not a new law violation. Pressing the point, the State presented evidence and did not rely on the stipulations.

The State called Pamela Meyer, Miller's wife, to testify. Meyer testified that in July 2016, while they were in Osage Beach, Missouri, Miller lunged at her, bent her backwards over the railing of the second floor balcony of a hotel room, tousled her around the room, and strangled her. Miller told her, "I will kill you. I don't care this time; I will go to prison." Meyer believed Miller quit because he thought he had killed her. The court admitted photos of bruises on Meyer's throat, arms, and legs.

Also at this hearing, Miller's supervising court services officer recommended that Miller serve his prison time. Miller had already gone through treatment and there was no more that she could do for him. As a result, the court found Miller committed a new

violation of the law and that public safety would not be served by imposition of another sanction. The court revoked Miller's probation and sent him to prison to serve his original sentence.

On appeal, Miller argues for the first time that compliance with the law was not a condition of his probation since the judge did not check with an "x" condition No. 4 on his probation order form. Because of this omission, he argues the district court erred when it found that he had violated the conditions of his probation.

We must first decide if we can consider Miller's claim that he was not required to obey the law while on probation. He made no such claim to the district court, so, can we hear and decide this issue? We can. This issue involves only a question of law arising from admitted facts and consideration of this theory is necessary to serve the ends of justice. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

On appeal, it is important that Miller does not contest the district court's factual finding that he committed a new crime. This means the issue in this appeal is whether the district court can legally revoke Miller's probation for violating the law if it had not specifically ordered Miller to comply with the law.

A review of the law of probation and its revocation is helpful to establish a legal context at this point. One of the goals of probation is the offender's rehabilitation. There are certain probation conditions that a district court is required by law to order. The most fundamental condition is that the probationer "obey all laws of the United States, the state of Kansas and any other jurisdiction to the laws of which the defendant may be subject." K.S.A. 2016 Supp. 21-6607(c)(1). Additionally, the district court may order other conditions of probation "that the court deems proper." K.S.A. 21-6607(b). In other words, the law directs the court to consider the circumstances of each offender and each case when the court imposes such conditions. "[T]he violation [of an order of probation] must

4

be established by a preponderance of the evidence. . . . [A]n eventual criminal conviction for the act which violated the condition of probation is not required to support an order revoking probation." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Applying these principles to this case demonstrates why the court did not err.

Miller was on probation for a violent domestic crime when he committed domestic assault in Missouri, a fact he is not contesting. In our view, because of K.S.A. 2016 Supp. 21-6607(c)(1), compliance with federal and state laws was a condition of Miller's probation, even though not specifically stated by the district court. There are no directions on the probation form here, such as, "mark all that apply." Perhaps the court should consider redrafting the form to make it more clear that obeying the law is not optional for offenders placed on probation in Johnson County.

In addition, Miller certainly cannot claim he was unaware of the condition when he committed domestic assault in July 2016 in Osage Beach, Missouri. Just a few months before, in April 2016, the court found him in violation of condition No. 4 of his probation by committing a new crime. After all, he served 14 days in jail as a result of violating that condition. The district court was permitted to revoke Miller's probation because of his new crime.

Even without the form, the district court was authorized by law to revoke Miller's suspended sentence and probation. If the offender commits a new felony or misdemeanor while on probation, the district court may revoke the offender's probation and suspension of sentence according to K.S.A. 2016 Supp. 22-3716(c)(8)(A). That is exactly what happened here.

Affirmed.