NOT DESIGNATED FOR PUBLICATION

Nos. 117,453
117,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER LEE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 2, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Christopher Lee Jones appeals from the district court's revocation of his probation and imposition of his underlying sentences in two cases. On appeal, Jones concedes that the district court did not err when it revoked his probation. Because there is nothing in the record to indicate the district court abused its discretion, we affirm.

On February 27, 2012, Jones entered into a plea agreement in two separate Saline County cases. Jones agreed to plead guilty to a misdemeanor charge of theft of scrap metal in one case and to misdemeanor counts of theft and criminal damage in the second

case. In exchange, the State agreed to dismiss the remaining felony charges of burglary in the second case. The State also agreed to recommend probation and concurrent sentences for all charges. The same day, the district court accepted Jones' pleas in both cases and sentenced him to a controlling sentence of 12 months' jail time, suspended to 12 months' probation.

On September 10, 2012, the district court modified Jones' probation in both cases and ordered that Jones serve 30 days in jail on a case of possession of methamphetamine and other charges "due to probation violations of positive urinalysis." On February 11, 2013, the district court again modified Jones' probation in both cases by extending his probation another 12 months "to allow [Jones] time to complete obligations and conditions of his probation." On January 17, 2014, the district court once again extended Jones' probation another 12 months to allow Jones to complete his probation obligations.

On March 19, 2014, Jones' probation supervision officer filed a request for a show cause hearing with the Saline County Attorney. In the request, the officer cited numerous probation violations including multiple positive urinalysis tests, multiple instances of Jones missing curfew or failing to maintain contact with the probation officer, and failure to report to a jail sanction. The same day, the State filed a motion to revoke Jones' probation in both cases.

After the State filed its motions, Jones was arrested and attempted to bring a controlled substance into the Saline County Jail. He was subsequently convicted of possession of methamphetamine arising out of this incident.

On September 8, 2014, the district court held a combined hearing to sentence Jones for his new possession of methamphetamine conviction and to consider the State's motions to revoke probation in both cases he now appeals, as well as two other cases involving Jones. After hearing testimony from Jones and his probation officer, the district

2

court determined that Jones materially violated the terms of his probation. The district court revoked Jones' probation in both cases and sentenced him to serve the underlying 12-month sentences.

Jones has timely appealed from these probation revocation orders.

A district court's decision whether to revoke a defendant's probation generally involves two distinct components: (1) a factual determination as to whether the State has established a violation of one or more of the conditions of probation and (2) a discretionary determination as to whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]).

The State must establish commission of a violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). This burden "is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

On appeal, Jones concedes that the district court did not abuse its discretion when it revoked his probation. Instead, his brief states that he filed this appeal merely to preserve any remedies he may have under federal law. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Therefore, as Jones has conceded his only argument on appeal, we

could stop our analysis here and simply affirm the district court's decision. However, for the sake of completeness, we will briefly analyze the district court's decision to revoke Jones' probation.

The State has sufficiently demonstrated, by a preponderance of the evidence, that Jones violated his probation. As part of his probation agreements in these Saline County cases, Jones agreed to "obey all laws of the United States, the State of Kansas, [and] any other jurisdiction" which he may be subject. He further agreed to stay in contact with his probation officer, keep his probation officer apprised of his location, avoid drug and alcohol usage, provide urine samples upon request, and remain employed. At the sentencing hearing for his 2014 possession of methamphetamine conviction, Jones admitted to providing positive urinalysis results, failing to communicate with his probation officer, and possession of methamphetamine. He further stipulated that his conviction for possession of methamphetamine violated the terms of his probation.

In addition, the district court did not abuse its discretion by revoking Jones' probation and ordering him to serve out the controlling jail sentence. Nothing in the record or Jones' brief indicates that the district court made an erroneous finding of fact or conclusion of law. The district court also considered Jones' considerable failures within the probation system before determining an appropriate sanction for his probation violations. Thus, the district court was not arbitrary in its decision making. In light of this, the district court's decision to revoke Jones' probation and impose the underlying sentence must be upheld.

Affirmed.