NOT DESIGNATED FOR PUBLICATION

No. 116,961

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAKEICE MECOLE DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed March 9, 2018. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Lakeice Mecole Davis appeals the revocation of her probation and denial of her motion to reinstate it. She contends the district court erred because the State did not establish by a preponderance of evidence that she violated her probation by committing a new crime. Alternatively, she argues that the district court abused its discretion when it revoked her probation and declined to reinstate it. Finding no error, we affirm the district court's rulings.

1

FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2013, the State charged Davis with two counts of aggravated burglary, a severity level 5 person felony in violation of K.S.A. 2012 Supp. 21-5807(b), and two counts of theft, a severity level 9 nonperson felony in violation of K.S.A. 2012 Supp. 21-5801. Davis and the State entered into a plea agreement. In relevant part, Davis agreed to plead guilty to one count of aggravated burglary and one count of felony theft. The State agreed to recommend that Davis' sentences run concurrently and that she be granted probation. The district court accepted Davis' pleas and sentenced her to 36 months' probation with an underlying prison term of 38 months with 24 months' postrelease supervision.

Two months later, in November 2013, the State filed a motion to revoke Davis' probation alleging that she had provided an incorrect home address and failed to pay court costs. Davis stipulated to these violations. Consistent with Kansas law, the district court ordered Davis to serve a two-day "shock period" in jail.

About seven months later, in June 2014, the State filed another motion to revoke Davis' probation, alleging that (1) Davis had been charged by Raytown, Missouri, police for trespass and stealing; (2) Davis had been charged with shoplifting at a Walmart store; and (3) Davis had still failed to pay court costs. Once again, Davis admitted the violations. As a sanction, the district court extended Davis' probation period for an additional 12 months.

Two years later, in May 2016, a third motion to revoke probation was filed alleging that Davis had been charged in two jurisdictions with driving while suspended and with stealing in Kansas City, Missouri. The district court held a probation revocation hearing at which time the State presented evidence regarding the stealing allegation.

2

At the probation revocation hearing, the State presented Lindsay Kelley, a manager at the Victoria's Secret Pink store in Kansas City as its sole witness. Kelley testified that during the afternoon of March 25, 2016, Davis, accompanied by some other women, entered the store. In Kelley's view, Davis' conduct raised "a lot of really big red flags" because she acted "evasive" while shopping in the store. Kelley testified that she noted the number of items Davis took inside a dressing room. As she waited for Davis outside the room she heard the distinctive sound of clothing "sensors being popped off." No other dressing rooms were occupied at that time. As Davis left the dressing room, Kelley noted that she was not carrying some of the items she took into the dressing room. After Davis and her companions made some purchases, Kelley searched the dressing room used by Davis and discovered a number of detached clothing sensors. Kelley immediately called the police. After officers made contact with Davis they returned a single, unbought T-shirt to Kelley. Kelley testified that the T-shirt had been "stuck in [Davis'] jacket."

After hearing this testimony, the district judge found Davis had committed the crime of stealing in violation of her probation, noting: "The testimony from [Kelley] here today was very compelling. She was very certain of what she heard and what she saw and what she did. So I am convinced the evidence was quite compelling." Citing Davis' previous probation violations, the district judge revoked her probation, denied reinstatement, and ordered her to serve the underlying prison term, reasoning:

> "[Davis] has been given opportunity after opportunity after opportunity, and if this cycle is to be broken, perhaps it's best that Ms. Davis will learn from this that she is being held accountable for her actions, that what happens is if you violate the law, you violate your probation, you violate your probation, you violate your probation, you go to prison."

Davis timely filed this appeal.

DISCUSSION

On appeal, Davis contends the district court erroneously revoked her probation because the State "failed to establish a new violation of the law." In particular, Davis claims Kelley's testimony at the violation hearing "was simply speculation and conjecture" and that there was "insufficient evidence to establish that Davis stole anything from [Victoria's] Secret on the day in question." Additionally, Davis argues that, even if Kelley's testimony established a new probation violation, the district court abused its discretion when it revoked her probation instead of implementing intermediate sanctions.

When considering probation revocations, this court reviews a district court's decision for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion if (1) no reasonable person would take the view adopted by the court, (2) the decision is based on an error of law, or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting that a court abused its discretion has the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

K.S.A. 2016 Supp. 22-3716 limits the discretion of district courts when imposing sanctions on defendants who have violated the terms of their probation. Generally, a district court must first impose a series of graduated sanctions before revoking a defendant's probation. See K.S.A. 2016 Supp. 22-3716(c)(1). But, as in this case, when an offender commits a new crime while on probation, the district court may revoke the offender's probation and impose the underlying sentence, regardless of whether less severe sanctions have been imposed. K.S.A. 2016 Supp. 22-3716(c)(8)(A).

Stealing is either a felony or misdemeanor offense under Missouri law, depending on the value of the property stolen. Mo. Rev. Stat. § 570.030 (2013). Davis asserts that

the evidence produced during the probation revocation hearing was insufficient to prove that she stole property from the Victoria's Secret store, violated the law and, thus, violated her probation.

To establish that Davis stole a T-shirt from the store, the State was required to prove by a preponderance of the evidence that Davis appropriated the T-shirt with the purpose of depriving the store of the shirt without the store's consent. See Mo. Rev. Stat. § 570.030.1(1); *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999) (preponderance of evidence standard applies to probation violations). A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Our court reviews a district court's findings of fact to determine if they are supported by substantial competent evidence. *State v. Weber*, 297 Kan. 805, 816, 304 P.3d 1262 (2013). Substantial evidence is legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). When reviewing for substantial competent evidence, we do not reweigh the evidence or assess the credibility of witnesses. *State v. Combs*, 280 Kan. 45, 50, 118 P.3d 1259 (2005).

As detailed in the factual summary, there was considerable direct and circumstantial evidence to prove that Davis committed the crime of stealing. On appeal, Davis emphasizes what she views as inconsistencies in Kelley's testimony and emphasizes that Kelley never saw Davis remove a T-shirt from the store. But the district court specifically found Kelley's testimony was convincing. Davis' arguments amount to a disagreement about the weight and credibility the district court afforded Kelley's testimony—which our court does not reassess on appeal. *Combs*, 280 Kan. at 50. The evidence, as presented in the record on appeal, supports the district court's finding that a

5

new crime was established by a preponderance of the evidence. Thus, the district court did not abuse its discretion when it revoked Davis' probation.

Next, Davis claims the district court abused its discretion when it "did not reinstate probation . . . or at the very least, impose a sanction." In particular, Davis highlights that she was abused as a child, was diagnosed with ADHD, was employed at the time of the revocation, and had the support of a senior legal analyst with the Kansas City, Missouri, Board of Police Commissioners. In response, the State emphasizes that this was Davis' third probation violation.

We think the State has the better argument. Davis' poor performance on probation was uncontroverted. Moreover, we note that, similar to Davis' theft conviction in this case, while on probation Davis repeatedly violated her probation by engaging in stealing and shoplifting. Obviously, affording Davis the opportunity for probation also provided her with the opportunity to commit additional property crimes. It is apparent that probation did not have the desired effect of rehabilitating Davis and that imprisonment was an appropriate option under the circumstances. We find no abuse of discretion in the district court's order imposing the sentence of imprisonment.

Affirmed.