NOT DESIGNATED FOR PUBLICATION

No. 118,390

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAYNE M. LANG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M FROMME, judge. Opinion filed October 19, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Shayne Michael Lang appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Lang's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On November 30, 2015, Lang pled no contest to one count of failure to register as an offender. On January 4, 2016, the district court sentenced Lang to 18 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

1

The State later filed a motion to revoke Lang's probation. Lang's intensive supervision officer (ISO), Megan Hall, filed an affidavit alleging that Lang violated his probation by failing to provide verification of employment, by failing to pay court costs as directed, and by failing to report as directed. The district court held a hearing on August 7, 2017, and Hall testified to support the allegations in her affidavit. Specifically, Hall testified that Lang failed to report within 48 hours of his release from his 180-day prison sanction. Hall testified that she unsuccessfully tried to complete two home visits at Lang's registered address, which was his grandmother's house. She also testified that she mailed two letters to the same address directing Lang to report.

Lang testified at the hearing and denied receiving any letters from Hall. He also testified that he tried to contact Hall by leaving a voice message on her phone. Lang's grandmother testified and denied receiving any letters from Hall in her daily mail.

After hearing the evidence, the district court found that Lang violated his probation by failing to provide verification of his employment, by failing to pay court costs as directed, and by failing to report as directed. The district court revoked Lang's probation, noting that he had received intermediate sanctions, and ordered him to serve his underlying prison sentence. Lang timely appealed.

On appeal, Lang claims the district court erred in revoking his probation. Lang challenges the sufficiency of the evidence to support his probation violation, asserting that "[a]lthough he did not report directly to his ISO, he repeatedly called her and left messages. He was, however, not able to reach her." Lang does not challenge the district court's dispositional order that he serve his underlying prison sentence.

To sustain an order revoking probation, the violation must be established by a preponderance of the evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). A preponderance of the evidence is established when the evidence

2

demonstrates a fact is more probably true than not true. 38 Kan. App. 2d at 315. Generally, appellate review of a factual determination is governed by the substantial evidence standard. 38 Kan. App. 2d at 315. Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. 38 Kan. App. 2d at 315.

Here, the district court's finding that Lang failed to report as directed is supported by substantial competent evidence in the form of Hall's testimony. Although there was some conflicting testimony on whether Hall mailed letters to Lang's registered address, the district court found Hall's testimony to be credible. "In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility." *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). The district court also found that Lang violated his probation by failing to provide verification of employment and by failing to pay court costs as directed. Lang makes no attempt to challenge these findings on appeal.

"Once there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Here, the district court's findings that Lang violated the conditions of his probation were supported by substantial competent evidence. The district court did not err in revoking Lang's probation and ordering him to serve his underlying prison sentence.

Affirmed.