NOT DESIGNATED FOR PUBLICATION

Nos. 121,772
121,773

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARYL L. THOMAS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 26, 2020. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Daryl L. Thomas appeals the district court's decision to revoke his probation and impose his underlying consecutive prison sentences in two criminal cases. We granted Thomas' motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no error, we affirm in part and we dismiss in part.

Thomas pled guilty to criminal possession of a weapon in 19CR186 and fleeing and eluding law enforcement in 19CR337. Although the presumed punishment for those crimes is imprisonment, Thomas received a dispositional departure sentence to 30 months' probation instead. But if Thomas violated the terms of his probation and it was

1

revoked, the district court could impose his underlying prison terms—23 months in 19CR186 and 15 months in 19CR337.

A few weeks after sentencing, Thomas violated his probation terms by missing a probation appointment and committing a new crime, criminal trespass. After Thomas admitted to these violations, the district court specifically applied K.S.A. 2019 Supp. 22-3716(c)(7)(B) and (C) to support revoking his probation and ordered him to serve his original prison sentences. On appeal, Thomas presents two arguments for why the district court erred.

First, Thomas argues the district court violated his rights under the Sixth Amendment to the United States Constitution when it enhanced his sentences in both cases based on his prior criminal history. However, Thomas failed to timely appeal this issue within 14 days after he was sentenced and placed on probation as required by K.S.A. 2019 Supp. 22-3608(c). See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (finding probationer's notice of appeal timely filed as to probation revocation and not to issues derived from original sentence). Since this issue was raised out of time, we have no jurisdiction and must dismiss it for lack of jurisdiction. See *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016) (failure to timely file appeal is jurisdictional and generally requires dismissal).

Thomas next argues the district court erred in revoking his probation and imposing his original prison sentences. The district court must base its decision to revoke probation on a factual finding that the defendant violated a condition of probation. Once a violation has been established, the decision to revoke probation is within the district court's discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448

2

P.3d 479 (2019). Thomas alleges no factual or legal error, so he must show no reasonable person would agree with the district court's decision. See 310 Kan. at 615.

Under these facts, we find nothing unreasonable about the district court's decision to revoke Thomas' probation and impose his original prison sentences when he admitted to committing a new crime just a few weeks after receiving a dispositional departure to probation. Probation revocations are controlled by K.S.A. 2019 Supp. 22-3716. Under K.S.A. 2019 Supp. 22-3716(c)(7)(B) and (C), the district court can bypass sanctions and impose the underlying prison sentence when a probationer received a downward dispositional sentence and/or committed a new crime, as happened here. A reasonable person could agree with the district court that Thomas' actions showed he was not a good candidate to remain on probation. The district court did not abuse its discretion when it imposed Thomas' original sentence upon revoking his probation.

Affirmed in part and dismissed in part.