NOT DESIGNATED FOR PUBLICATION

No. 123,463

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS by and through MCVAY LAW OFFICE,
*Appellee*,

v.

CURTIS COOLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed December 30, 2021.
Affirmed.

*Curtis Cooley*, appellant pro se.

*Kendall M. McVay*, of Hollins and McVay, P.A., of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM:  Curtis Cooley challenges the garnishment of his prison account to
pay fines and fees he owes in his criminal case. Finding no error, we affirm.

FACTS

In 2017, Cooley pled guilty to involuntary manslaughter and distribution of
methamphetamine. The district court sentenced him to 98 months' imprisonment. Along
with the term of imprisonment, the district court ordered Cooley to pay various costs and

1

fees—including a $360 Board of Indigents' Defense Services (BIDS) attorney fee. The total fees were roughly $900. Cooley did not timely appeal his sentence.

Later, the matter was referred to collections, and Cooley's jail account/wages were garnished to pay the current balance owing, which was about $1,100. The district court ordered that his wages be garnished on March 9, 2020. Cooley moved to block the garnishment by filing a "Motion for Relief of Judgment or Order Pursuant to K.S.A. 60-260(b)." He filed the motion in his criminal case. Cooley was designated a "judgment debtor" who needed to pay "the judgment."

The district court held a hearing on Cooley's motion on September 2, 2020, but the record does not include a transcript of that hearing. On September 10, 2020, the district court filed a journal entry denying Cooley's motion. More specifically, the district court ruled that Cooley's "argument is an attack on the assessing of attorney fees as contained in the underlying sentence, and this is not the correct way to attack that sentence." Cooley timely appealed the district court's ruling.

ANALYSIS

The sole issue is whether the district court erred in denying Cooley's motion for relief from garnishment. It did not for two reasons.

*The failure to properly assess the BIDS fee does not constitute an illegal sentence that can be corrected at any time.*

Cooley's first argument on appeal is that the district court erred by not considering his financial resources and the financial burden the BIDS fee would impose on Cooley when it imposed the $360 BIDS fee. Because it was not properly imposed, he argues that

2

the State, through the collection agency, could not collect this amount through a garnishment proceeding.

Sentencing courts, at the time of the initial assessment of BIDS attorney fees under K.S.A. 22-4513(b), must consider the financial resources of the defendant and the nature of the burden that payment will impose, *explicitly* stating on the record how those factors have been weighed in the court's decision. *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006). The State concedes that the district court did not consider Cooley's financial resources in this case. At sentencing, the district court set Cooley's attorney fees at $360 but did not explicitly consider Cooley's financial resources and the nature of the burden the required payment would impose on Cooley.

But the failure to properly assess the fees does not constitute an illegal sentence which can be corrected at any time. *State v. Inkelaar*, 38 Kan. App. 2d 312, Syl. ¶ 4, 164 P.3d 844 (2007). Thus, any challenge to the assessment must be filed within 14 days of sentencing. K.S.A. 2020 Supp. 22-3608(c). Because Cooley did not timely appeal his sentence, he has lost the opportunity to challenge the assessment, even if the State concedes the issue.

*When the State places a debt with a collection agent or agency for collection, the State remains the real party in interest and can garnish the debtor's wages.*

Cooley next challenges whether the district court could allow a third-party to collect his debts through the wage garnishment.

Cooley is correct when he states that the Kansas Attorney General has issued an opinion, No. 2012-11, that "preempts an entity, person, creditor, State, or subject . . . who assigns a debt to a third party collection agent under contract from collecting the assigned debt through wage garnishment." But the opinion of the Kansas Attorney General is only

persuasive authority on courts, and Cooley misrepresents its application in his case. *Board of County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). In the same opinion, the Kansas Attorney General stated that "[w]hen a creditor places a debt with a collection agent or agency for collection, there is no assignment and the creditor is the real party in interest to file suit against the debtor . . . and can garnish the debtor's wages." Att'y Gen. Op. No. 2012-11.

The Attorney General's opinion refers to K.S.A. 2020 Supp. 60-2310(d), which states that "[i]f any person, firm or corporation sells or assigns an account to any person or collection agency, that person, firm or corporation or their assignees shall not have or be entitled to the benefits of wage garnishment." But the statute then clearly states that the provisions of K.S.A. 2020 Supp. 60-2310(d) do not apply to "collections pursuant to contracts entered into in accordance with K.S.A. 75-719 . . . involving the collection of restitution or debts to district courts." K.S.A. 2020 Supp. 60-2310(d)(4). In 2015, K.S.A. 75-719 was transferred to K.S.A. 2020 Supp. 20-169 which now controls for the collection of debts owed to courts or restitution.

Cooley's argument is misplaced. McVay is not a real party in interest or an assignee of the debt. Instead, McVay is a contract agent under K.S.A. 2020 Supp. 20-169(b)(2). McVay did not purchase the debt and instead receives compensation through a contract with the court or county. Thus, the State, through McVay, may garnish Cooley's wages because he is not precluded from doing so by K.S.A. 2020 Supp. 60-2310(d). In fact, McVay's situation is specifically excluded from the prohibition of wage garnishment by K.S.A. 2020 Supp. 60-2310(d)(4).

4

*Cooley did not have to receive notice that there would be additional fees if his debt was sent to collections.*

Cooley also argues that he was not given notice that his debt was assigned to another party. But as already discussed, his debt was not assigned to another party. The debt remained owed to the State. McVay was merely acting as a contractor collecting the debt, something the sentencing journal entry stated could happen if he failed to pay his fees and fines. Cooley provides no support for his contention that he had a due process right, which was later violated, to notice that there would be additional collections fees if his debt was sent to collections. His citation to *Whisler v. Whisler*, 9 Kan. App. 2d 624, 684 P.2d 1025 (1984), does not hold that notice of collections fees is required.

Affirmed.