NOT DESIGNATED FOR PUBLICATION

No. 128,119

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVIN SCOTT ALBERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed September 26, 2025. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Devin Albert appeals the district court's order extending his probation and ordering him to serve a 60-day jail sanction. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After reviewing the record, the arguments in Albert's motion, and the State's response, we affirm the district court's judgment.

In April 2022, Albert pleaded guilty to one count of aggravated battery from charges filed earlier that year. At sentencing in June 2022, the parties all agreed with the presentence investigation report that Albert's criminal-history score was C based on his previous convictions. The district court sentenced Albert to serve 27 months in prison

1

with postrelease supervision for 12 months, suspended this sentence, and placed him on probation for 24 months.

In August 2022, the district court extended Albert's probation by 24 months for contacting the victim of his criminal case in violation of his probation terms. From his sentencing in June 2022 through the fall of 2023, Albert also served various jail sanctions ranging from 2 days to a 60-day work release for violating his probation. Then, in December 2023, the State filed a warrant to revoke Albert's probation, alleging that he had tested positive for amphetamines in violation of his probation terms. The district court held a probation violation hearing in February 2024 where Albert admitted to the violation.

The State recommended that Albert complete the Community Corrections Residential program. Albert's counsel requested that the district court reinstate his probation and consider a 2- or 3-day jail sanction so he could continue with his current employment, as the attorney was concerned whether the Residential program would support a job that required Albert to work late hours. Albert also spoke directly to the court and noted that with his current job, he reported directly to the head of a sober living facility and that there was "a lot more structure" in his current environment than at the time he tested positive for drugs.

At the end of the hearing, the court extended Albert's probation for 24 months from the date of the hearing and ordered him to serve a 60-day jail sanction with credit for time served and early release available when a spot opened in the Residential program.

Albert raises two challenges on appeal. He contends that the district court violated his constitutional rights at sentencing, as outlined in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by not requiring the State to prove his

criminal-history score beyond a reasonable doubt. And he claims that the district court abused its discretion by extending his probation and ordering him to serve a 60-day jail sanction.

The State argues that Albert did not timely appeal the district court's use of his criminal-history score. Thus, this court lacks jurisdiction to consider his claim. The State also maintains that because Albert stipulated to violating his probation, the district court did not abuse its discretion by extending his probation and ordering him to serve a jail sanction.

K.S.A. 22-3608(c) requires a criminal defendant to file an appeal 14 days after the district court enters its judgment. Here, the district court assigned Albert's criminal-history score in June 2022 and filed its journal entry of sentencing in August 2022. Albert did not file an appeal until February 2024.

We note that even if Albert had timely appealed his sentence, Kansas courts have consistently held that the reliance on a defendant's criminal history to calculate the presumptive sentence under Kansas Sentencing Guidelines does not violate *Apprendi*. *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018). But because Albert did not file an appeal within 14 days of the entry of his sentence, this court lacks jurisdiction to consider his *Apprendi* claim. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to his probation revocation and not to his original sentence), *rev. denied* 286 Kan. 1183 (2008). We thus dismiss that challenge to his sentence.

Albert also claims the district court abused its discretion by ordering him to serve a 60-day jail sanction and extending his probation, rather than imposing a 2- or 3-day sanction that he could serve without missing work. We do not find this argument persuasive.

After a probation violation has been established, a district court has discretion to extend an offender's probation, impose other sanctions, or revoke that probation unless the court is otherwise limited by statute. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts will only reverse that decision on appeal if it resulted from an abuse of the court's discretion—when the judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. 315 Kan. at 328; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Albert bears the burden of showing such an error occurred here. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). He has not done so.

Albert has not alleged that the district court made a legal or factual error. Instead, he argues the district court acted unreasonably when it extended his probation and required him to spend 60 days in jail. Under K.S.A. 22-3716(c)(1)(A), (c)(9), once a violation has been established, a district court may modify a person's probation and impose a jail sanction of up to 60 days in duration. Albert acknowledged that he violated the conditions of his probation. Thus, the district court had the authority to extend his probation and order him to serve a 60-day jail sanction. Albert has already served several intermediate sanctions as a result of earlier probation violations. Still, the court credited the time he had already spent in jail against that sanction and indicated he would be available for early release as soon as a place became available in the Residential program. We do not find that he has demonstrated the district court acted unreasonably under these circumstances.

Affirmed in part and dismissed in part.