NOT DESIGNATED FOR PUBLICATION

No. 116,915

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRACIE M. LEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed February 9, 2018. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM:  Tracie M. Lee, on probation for felony theft, wants us to set aside the 120-day prison sanction the court imposed upon her for her probation violation. She contends that she did not actually violate her probation and the court had no good reason to sanction her. A preponderance of the evidence shows that Lee violated her probation and we affirm.

This sanction arose when the State sought to revoke Lee's probation. According to her supervising officer, Lee did not report to her within 24 hours after her release from

1

jail as required by the terms of her probation. In response, Lee contends that she had simply spent some time in jail and had not changed her address as the court decided. In other words, she had not violated her probation. In our view, Lee's narrow argument ignores the essence of the court's ruling which was that Lee was required to report her whereabouts to her supervisor. When she failed to do so, the court imposed a sanction for her failure to report. We find no reversible error here.

*This is not Lee's first sanction.*

After Lee pled guilty to one count of felony theft, the court sentenced her to a suspended 11-month prison term, with 12 months of intensively supervised probation.

Kristi Winter, Lee's community corrections intensive supervision officer, conducted the probation intake interview with Lee. At this meeting, she reviewed with Lee the conditions of her probation and also advised her about the regulations set by the Kansas Department of Corrections that all community corrections probationers must follow. Winter stated that it was her common practice to inform probationers that if at any time during their probation they are taken into custody, the probationer must report to her within 24 hours if they were in jail, or 48 hours if they were in the Department of Corrections' custody. Winter was not certain that she told Lee this specific requirement, but she stated that she informs all probationers of this requirement.

About a month into the probation period, the court issued a warrant to arrest Lee based on allegations that she had violated her probation for various reasons. The court found that Lee violated her probation and ordered her to serve two days in jail as a sanction. This is sometimes referred to as a "quick dip." The court issued a second warrant about five months later, this time based on allegations that Lee had committed new crimes.  The court scheduled a hearing on that alleged probation violation but it was never held. Ultimately, the court recalled that warrant.

A few days later, the court issued another warrant for her arrest based, this time, on allegations that Lee had violated the condition of probation that she "shall notify her ISO within 24 hours of any change of address, phone number or employment status." The State alleged that Lee violated this condition because she "was released from jail on bond. She has failed to contact or report to [her ISO] within 24 hours of her release." The court heard evidence on these allegations.

At the hearing, ISO Winter was the only witness. She stated that one of the conditions of Lee's probation was to follow all rules, regulations, and requirements of community corrections. One such rule was that probationers had to report within a certain time after being released from police custody—24 hours from jail and 48 hours from Department of Corrections. Winter stated that the purpose of this requirement was because the supervisor is often not told when a probationer is released on bond. When Lee was released from jail, she did not report to Winter for at least 12 days.

At the hearing, the court held that the State had established a probation violation. The court found that Lee was in jail from July 29, 2016, to August 4, 2016, and Lee did not report to Winter until she was taken into custody on the warrant 14 days after her release from jail. The court pointed out that one of the purposes of Lee's supervision agreement was to make sure she was adequately supervised during the probation period. The district court found that Lee had violated the probation condition that required her to inform her ISO "within 24 hours any change of where they are living or working," because Winter needed to know where she was located. Additionally, the court found that Lee also violated her probation when she was unsupervised for 14 days after her release from jail. This unsupervised period violated the term of her probation that required her to report to Winter at least every two weeks. Based on these facts, the district court found by a preponderance of the evidence that Lee had violated her probation. The district court then imposed a 120-day prison sanction and extended her probation for 12 months with some modified conditions.

To us, Lee challenges whether the State proved the probation violation. She contends that she was charged with violating her probation by failing to report a change in her residence within 24 hours and the State failed to show that she had changed her residence simply by being in jail. In response, the State argues it presented sufficient evidence to prove that Lee violated her probation and the court was justified in imposing a sanction.

*A review of the law is helpful.*

When we review a district court's determination that a probation violation occurred, we ask two questions. First, has the State established that the probationer violated one or more conditions of probation? Second, has the court exceeded its discretion in its disposition of the matter after the State has proved a violation? See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Lee does not challenge the discretionary aspect of the court's action. Instead, she challenges only the district court's factual determination.

In order for the district court to find a probation violation occurred the State must establish the violation of the conditions of probation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The State's burden is met when the evidence demonstrates a fact is more probably true than not true. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We use a substantial competent evidence standard of review in reviewing the district court's factual determinations. Substantial evidence is evidence that is legal and relevant that a reasonable person could accept as being adequate to support a conclusion. *Gannon v. State*, 303 Kan. 682, 699-700, 368 P.3d 1024 (2016).

*Lee limits her argument to a question of residence.*

Basically, Lee argues the district court did not have evidence that she had changed her residence when she was in jail, so she did not violate her probation. We are not so persuaded.

First, in our view, Lee defines "residence" too narrowly for the purpose of considering possible probation violations. One of the fundamental purposes of probation is that the supervisors know where the probationers are. Lee cites various Kansas statutes to show that a residence requires a place of living to which a person intends to return upon an absence. If we use Lee's definition of residence, then she did not change her residence by going to jail. (It is fair to presume that Lee did not intend to remain in jail permanently since she bonded out.)

But Lee's definition, based on an intent to return someplace, is unworkable in a probation situation. Under that definition, probationers would not have to tell their supervisor where they were living, as long as they had an intent to return to the original location where they lived. In other words, if they intended, some day, some time, to return to a residence, then they would not have to tell their supervising officer where they were staying and thus, not violate their probation. Using such a definition undercuts one of the main purposes of probation—the vigilant supervision of those who have committed a crime.

Additionally, we are unconvinced by Lee's argument by analogy concerning changes of address in the context of the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. Our Supreme Court has held that in order for a person to have to report a change of address under the Act, the person must both obtain a new place of habitation and intend to remain in that place. *State v. LeClair*, 295 Kan. 909, 913-14, 287 P.3d 875

5

(2012). Directly applying this principle to the facts here would indicate that Lee would not have had to report to Winter after she was released from jail.

This analogy fails to persuade us. The public policies of reporting under the Kansas Offender Registration Act and reporting as a condition of probation differ. One policy promotes public information, while the other seeks rehabilitation. Offender registration under the Act is to *make the public aware* for the public's own safety. See *State v. Peterson-Beard*, 304 Kan. 192, 199-200, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016). Recording the current location of an offender that must register under the Act is necessary simply to inform the public.

In contrast, the goal of probation is to successfully rehabilitate offenders. The specific conditions of probation are "restrictions on the probationer's liberty to afford the probationer a setting conducive to the rehabilitative process." *State v. Turner*, 257 Kan. 19, 24, 891 P.2d 317 (1995). Thus, the purpose of having to report a change in address in the context of probation is tied to having a conducive environment for rehabilitation. Thus, knowing the current location of a probationer is necessary for promoting rehabilitation.

Next, in our view, Lee's limited argument about her address not changing misses the point. The basic question before the district court was whether Lee violated the terms of her probation. Indeed, the record reveals that the district court had substantial competent evidence that Lee violated her probation.

Lee's supervision agreement has several provisions that show how she was to report. Three serve as examples.

- "I will work at a job and live at a residence *that is approved by my Intensive Supervision Officer* (ISO) and get approval before changing either. If prior

6

approval is not possible, I will notify my ISO within 24 hours." (Emphasis added.)

- "I will report to my ISO as directed and will allow my ISO and/or SCDOC [Sedgwick County Department of Corrections] personnel to visit where I live and work by appointment or without prior notice."

- "I will obey all Federal, State, County and local laws, resolutions and ordinances, and I will notify my ISO within 24 hours of ANY contact with law enforcement officers."

The purposes of these three conditions are clear—rehabilitation requires supervision. With such close supervision, a supervisor can direct probationers to a path different than the one that led them to committing a crime. Obviously, some residences are not conducive to rehabilitation, while some are. Further, reporting to a supervisor is not an option but is mandatory; thus, such a requirement forces a probationer to routinely obey rules—an important step towards rehabilitation. Finally, the reporting of any new contact with law enforcement officers is vital to help the supervisor consider if modification of the probationer's circumstances is called for. And in some cases, the supervisor must decide if revocation of probation is advisable.

Lee had contact with law enforcement officers when she was arrested and did not tell her supervisor within 24 hours as required. Additionally, after her release, she failed to report to Winter for two weeks. This is not evidence of intensive supervision, it is evidence of no supervision. Obviously, these facts support the court's conclusion that she violated her probation. Thus, we hold the district court did not err because substantial competent evidence supports its decision.

We will not decide whether the sanction imposed for the violation was appropriate because Lee has abandoned this point by not briefing the issue. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

7

Affirmed.