NOT DESIGNATED FOR PUBLICATION

No. 118,397

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JENIFER NICOLE HOLCOM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed May 4, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jenifer Nicole Holcom appeals the district court's order imposing a two-day jail sanction after finding that she was in violation of her probation. We granted Holcom's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On March 23, 2017, Holcom pled guilty to attempted battery of a correctional officer. On May 22, 2017, the district court sentenced her to 12 months' imprisonment and granted probation for 24 months to be supervised by court services.

On July 27, 2017, the State filed a motion to revoke Holcom's probation on the ground that she failed to keep her court services officer (CSO) informed of her current

1

home address and phone number. At a hearing on August 22, 2017, after hearing testimony from both the CSO and Holcom, the district court found that Holcom violated her probation by failing to keep her CSO informed of her current address after she left the Ashby House. The district court did not revoke Holcom's probation, but instead it ordered her to serve a two-day "quick dip" intermediate sanction and extended her probation for 12 months. The district court ordered Holcom to report to the community corrections office after she served her two-day jail sanction. Holcom timely appealed from that order.

On appeal, Holcom claims the district court "abused its discretion in ordering her to serve a two day sanction." Holcom challenges the sufficiency of the evidence to support the district court's finding that she failed to keep her CSO informed of her current address. Holcom asserts that she left a message with her CSO the day after she left the Ashby House. She also asserts that she had a phone conversation with her CSO just three days later. Holcom argues that she "attempted to keep her CSO informed of her residence, but was frustrated by circumstances beyond her control."

The district court's decision whether to revoke a defendant's probation involves two components. First, the State must establish by a preponderance of the evidence that the defendant violated a condition of probation. Second, after establishing a violation, the district court may impose an appropriate sanction, including revocation of the defendant's probation. See K.S.A. 2017 Supp. 22-3716. As to whether the defendant violated a condition of probation, an appellate court reviews the factual findings to see if they are supported by substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Once there has been evidence of a violation of a condition of probation, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party

2

asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, substantial competent evidence supports the district court's finding that Holcom violated a condition of her probation. The order of probation instructed Holcom to keep her CSO informed of her current address, specifically requiring prior approval before moving to a new residence. However, the testimony at the hearing established that Holcom did not attempt to reach her CSO until the day after she left the Ashby House. This evidence alone was sufficient to establish a violation of the conditions of probation.

Next, the district court did not abuse its discretion by imposing a two-day "quick dip" intermediate sanction. The district court complied with the statute and imposed the mildest jail sanction for the probation violation, which was an appropriate disposition for a first-time violation not involving the commission of a new crime. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(E). The district court's decision to impose the two-day jail sanction was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Holcom has failed to show that the district court abused its discretion by imposing the two-day jail sanction for her probation violation.

Affirmed.

3