NOT DESIGNATED FOR PUBLICATION

No. 118,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROSHAUN D. TAYLOR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 9, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Roshaun Taylor appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his conviction for battery of a law-enforcement officer. Martin argues on appeal that the district court should have imposed intermediate sanctions and given him another chance at probation instead of sending him to prison.

But the district court found that Taylor had committed a new crime while he was on probation. It also found that Taylor posed a risk to public safety if he wasn't complying with his probation. Because Taylor committed a new crime and the court found he would threaten public safety, whether to send Taylor to prison or leave him on probation became a judgment call for the district court to make. We find no abuse of

discretion in the district court's decision to revoke his probation and impose his prison sentence.

With that overview, let's review in more detail how the case got here. Taylor was sentenced to a 24-month probation in 2016 after he pleaded guilty to battery against a law-enforcement officer. If Taylor failed on probation, he would have to serve an underlying 21-month prison term.

A little over a year after Taylor's probation began, the district court held a hearing on the State's claims that Taylor committed four probation violations: (1) testing positive for cocaine, (2) failing to complete a drug and alcohol evaluation, (3) committing new crimes, including theft, and (4) not reporting for his scheduled visits with community corrections. Taylor admitted the first and fourth violations and requested an evidentiary hearing on the second and third violations.

At Taylor's evidentiary hearing, he admitted to the second violation—failing to complete his drug and alcohol evaluation. The court then heard evidence about Taylor's new crimes. The court found that Taylor had committed a new offense (theft) and revoked Taylor's probation based both on Taylor's new offense and on the court's finding that "if [Taylor's] not doing [his] probation, public safety is at risk."

Traditionally the district court has had broad discretion in deciding whether to revoke probation and impose the underlying prison sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2010). That discretion is now limited in felony cases so that usually the court must first impose an intermediate sanction, such as a two- or three-day jail stay, for the first probation violation.

But there are exceptions to this rule. If the defendant has committed a new crime, the court may revoke probation without first imposing an intermediate sanction. See K.S.A. 2017 Supp. 22-3716(b) and (c)(8). The court can also bypass intermediate sanctions if the "court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(9)(A). The exception for commission of a new offense is sufficient to support the district court's order here. The court heard testimony from a loss-prevention officer at a local hardware store and concluded that Taylor had committed a new offense, theft. That gave the district court the authority to revoke Taylor's probation without further intermediate sanctions.

A court abuses its discretion only when its decision is based on a factual or legal error or when no reasonable person would agree with the decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). Taylor hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision.

On Taylor's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to revoke Taylor's probation.

Taylor also claims the district court "violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), when it used his prior criminal history to increase his sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt." But Taylor did not timely appeal his sentence, imposed on September 16, 2016. See K.S.A. 2017 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original

3

sentence). Because Taylor did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. Even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Taylor's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.