NOT DESIGNATED FOR PUBLICATION

No. 119,627

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK S. AGNEW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 14, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Mark S. Agnew appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Agnew's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the revocation of Agnew's probation. After review, we find no abuse of discretion on the part of the district court and affirm.

As part of a plea agreement with the State, Agnew pled guilty to one count of theft after two prior theft convictions, contrary to K.S.A. 2015 Supp. 21-5801(a)(1) and (b)(6), a severity level 9 nonperson felony. In exchange for his plea, the State agreed to

recommend the high number in the appropriate sentencing guidelines grid box and a dispositional departure to probation. At his sentencing on November 29, 2017, the district court sentenced Agnew to the high number of 15 months in prison but granted Agnew's request for a dispositional departure to probation and placed him on probation for 12 months.

However, on January 3, 2018, the State sought to revoke Agnew's probation, alleging that he tested positive for cocaine and was arrested for driving while suspended and possession of drug paraphernalia. At his probation violation hearing on January 23, 2018, Agnew admitted to the allegations, and the district court imposed a three-day jail sanction.

On February 8, 2018, the State again sought to revoke Agnew's probation, this time alleging, among other things, that Agnew had admitted to using drugs and had committed a new crime of felony theft as charged in 18 CR 610. At the probation violation hearing on May 14, 2018, which also doubled as the sentencing hearing for 18 CR 610, Agnew admitted to the violations, including committing the new crime while on probation. In light of Agnew's admissions, the district court revoked his probation and ordered that he serve his underlying sentence. The district court also imposed a consecutive prison sentence in 18 CR 610.

On appeal, Agnew argues that the district court erred in revoking his probation and imposing his underlying prison sentence, claiming that continued probation would have allowed him to obtain necessary drug treatment. Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398

2

P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Agnew bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716 requires that the district court impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is if the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, it is undisputed by the parties that Agnew violated the terms of his probation by committing a new crime. Thus, the district court was entitled to revoke his probation and impose his underlying prison sentence. While Agnew argues that his health issues and drug addiction justify continued probation, the district court took those into account when revoking Agnew's probation. As Agnew fails to persuade us that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion.

Finally, for the first time on appeal, Agnew argues his sentence is illegal because it was improperly enhanced due to the district court increasing his criminal history score by considering his criminal history which had not been proven to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because Agnew never timely appealed his sentence after it was imposed, we lack the jurisdiction to consider this issue. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844, *rev. denied* 286 Kan. 1183 (2008). But even if we did, the Kansas Supreme Court has rejected this argument, and we are duty bound to follow it. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional); *State v. Morton*, 38 Kan. App. 2d 967, 978-79, 174 P.3d 904 (Court of

Appeals duty bound to follow Supreme Court precedent), *rev. denied* 286 Kan. 1184 (2008).

Affirmed.