NOT DESIGNATED FOR PUBLICATION

No. 119,557

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v

LOREN J. CLIFTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed February 22, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Loren Clifton appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his conviction for criminal threat. Clifton argues on appeal that the district court should have imposed intermediate sanctions and given him another chance at probation instead of sending him to prison.

Clifton was sentenced to probation in 2017 after pleading guilty to criminal threat. A few months later, he admitted to violating his probation and served 48 hours in jail as a sanction for violations. Then, about three months after that, the State moved to revoke Clifton's probation based on allegations that (1) he had been arrested and charged with aggravated battery, (2) he had used alcohol, and (3) he wasn't able to maintain employment because of his alcohol use.

At an evidentiary hearing on the State's motion to revoke probation, Officer Isaac Phillips testified that he had been dispatched to a battery that had just occurred. Two people told Phillips that Clifton had battered them. Phillips said that when he arrived at the scene, Clifton was "passed out in a median between two businesses . . . obviously intoxicated." Phillips arrested Clifton and said Clifton "was verbally abusive" when taken into custody.

A second police officer, Derrick Miller, testified that he had responded to an incident at a bar and found Clifton passed out "behind the bar in a ditch with a number of injuries on him." Miller said that Clifton "became very agitated and started to be violent towards [the police officers]" once he woke up.

The district court revoked Clifton's probation, finding that Clifton becomes "violent and . . . is a danger not only to himself, but to other people" when he's intoxicated. The court said that Clifton "[didn't] have the controls right now to get around his [drinking] problem" and the court was concerned about "[Clifton]'s well-being and . . . about the people of Wyandotte County when he goes on these benders."

Traditionally the district court has had broad discretion in deciding whether to revoke probation and impose the underlying prison sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2010). So we review the district court's order for abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). A court abuses its discretion only when its decision is based on a factual or legal error or when no reasonable person would agree with the decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *Gumfory*, 281 Kan. 1168, Syl. ¶ 1. The district court's discretion to revoke probation is now limited in felony cases so that usually the court must first impose an intermediate sanction, such as a two- or three-day jail stay, for the first probation violation. See K.S.A. 2018 Supp. 22-3716.

But there are exceptions to this rule: The court can bypass intermediate sanctions if the "court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(9)(A).

This exception is sufficient to support the district court's order here. The court heard testimony from two police officers about how Clifton had hurt himself and attempted and threatened to hurt others while he was drunk. That gave the district court good reason to revoke Clifton's probation without further intermediate sanctions, and that step was authorized under K.S.A. 2018 Supp. 22-3716(c)(9)(A).

As we previously noted, we review the district court's order here for abuse of discretion. Clifton hasn't suggested that the district court based its decision on factual or legal error, and we conclude that a reasonable person could agree with the district court's decision.

On Clifton's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to revoke Clifton's probation.

Clifton also claims the district court "erred in imposing a greater penalty by scoring a criminal history of 'A' that was not charged in the complaint and proven to a jury beyond a reasonable doubt." But Clifton did not timely appeal his sentence. The sentence was imposed January 27, 2017; Clifton had 14 days to file an appeal of the sentence. See K.S.A. 2018 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only

3

as to his probation revocation and not as to his original sentence). Clifton didn't file an appeal until March 5, 2018, after the district court had revoked his probation.

Because Clifton did not timely appeal his sentence, we lack jurisdiction to address his sentencing issue. Even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Clifton's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

We dismiss Clifton's untimely appeal of his sentence and affirm the district court's judgment.