NOT DESIGNATED FOR PUBLICATION

No. 119,714

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANDRE M. DILWORTH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed April 12, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Defendant Deandre Dilworth appeals the order of the Sedgwick County District Court revoking his probation on two drug-related convictions and ordering him to serve the prison sentences. On appeal, Dilworth acknowledges he received a downward dispositional departure to probation and, thus, was legally eligible for revocation upon his agreement that he violated various conditions of his probation. Dilworth contends the district court abused its discretion in declining to continue his probation despite what he says were substantial mitigating circumstances. We find no abuse of discretion and affirm.

1

The State charged Dilworth with three drug-related felonies, one drug-related misdemeanor, and two misdemeanor traffic violations in 2015. Through his lawyer, Dilworth worked out an arrangement with the State under which he pleaded guilty to possession of a hallucinogenic drug with the intent to distribute, a severity level 3 nonperson drug offense that carries a presumptive prison sentence, and possession of money derived from a drug crime, a severity level 5 nonperson drug offense. The State agreed to dismiss the remaining charges and to support a recommendation for low presumptive guidelines sentences on each conviction to run concurrently and for a dispositional departure to probation.

Dilworth pleaded guilty in early October 2016 and was sentenced in mid-November. The district court granted Dilworth's motion for a dispositional departure to probation in consideration of his lack of any criminal history. The district court also imposed the low presumptive sentences of 46 months in prison on the possession with intent to distribute conviction and 10 months in prison on the drug money conviction. But the district court deviated from the plea agreement by running those sentences consecutively for a controlling term of 56 months with 36 months' postrelease supervision. The district court placed Dilworth on probation for 36 months with a requirement he spend 60 days in jail. The district court also imposed various terms and conditions of probation and ordered Dilworth to pay fees and costs associated with the convictions.

Dilworth had a rocky go of it on probation:

• In February 2017, Dilworth agreed he had failed to pay anything toward the fees and costs and accepted a two-day jail sanction.

• In March 2017, the district court issued a warrant because Dilworth tested positive for marijuana, a violation of one of the conditions of probation. Dilworth

stipulated to the violation, and the district court ordered him to serve a three-day jail sanction.

• In May 2017, the district court issued a warrant because Dilworth again tested positive for marijuana, failed to report to his assigned court services officer twice, and did not provide proof he had begun an approved substance abuse treatment program. The record shows that Dilworth stopped reporting at all after the warrant was issued. He was taken into custody on the warrant in March 2018.

In the meantime, the State issued yet another warrant for probation violations that it ultimately dismissed.

At the probation revocation hearing in May 2018, Dilworth agreed he violated his probation in the ways stated in the May 2017 warrant. Nobody disputed that Dilworth simply quit reporting and otherwise did nothing required under his probation after the warrant was issued.

Given Dilworth's spotty probation record, the State asked that the district court revoke his probation and send him to prison. On Dilworth's behalf, his lawyer requested that he be placed in community corrections, a more structured and restrictive program than regular probation but less severe than prison. She cited two deaths in Dilworth's immediate family in the preceding year, his domestic partner's pregnancy, and a supportive letter from his employer as reasons for leniency.

The district court relied on K.S.A. 2018 Supp. 22-3716(c)(9)(B) to revoke Dilworth's probation and ordered him to serve the underlying sentence of 56 months in prison. Under K.S.A. 2018 Supp. 22-3716(c)(9)(B), a district court may revoke the probation of a defendant who has received a dispositional departure from a presumptive prison sentence, as Dilworth did in this case, rather than continuing the probation with an

3

intermediate sanction. In short, the district court was not obligated to impose an intermediate sanction before revoking Dilworth's probation. Even so, Dilworth did get the benefit of intermediate sanctions rather than revocation for two sets of probation violations.

The district court noted those failed opportunities given to Dilworth. But the district court principally relied on Dilworth's decision to effectively abandon his probation in May 2017 and to do nothing until he was taken into custody on the warrant about 10 months later. For the same reasons, the district court declined Dilworth's request to shorten his prison sentence.

Dilworth has appealed. The Appellate Defender Office, on behalf of Dilworth, has requested summary disposition without full briefing under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The court granted the request after the State agreed summary disposition would be appropriate.

On appeal, Dilworth submits the district court abused its discretion in revoking his probation and ordering him to serve the prison sentence in light of the mitigating circumstances he offered at the revocation hearing. As we regularly point out, probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violations satisfies the first step. Here, Dilworth so stipulated, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d

4

1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). After a violation has been established, the decision to continue the probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Dilworth carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As we have indicated, Dilworth recognizes the district court had the legal authority to revoke his probation, so there was no misunderstanding of the governing law. Likewise, Dilworth does not submit the district court mistook the relevant facts in some way. Rather, he contends the decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We suppose, too, that he says the district court similarly erred in declining to shorten his prison sentence. We disagree.

Without reiterating the case history, we highlight that Dilworth received a benefit at the outset with a disposition to probation for a conviction that carries a presumptive prison sentence. Dilworth then proceeded to serially violate conditions of his probation, including testing positive for illegal drugs. Those violations seem especially disconcerting when the underlying convictions were for drug crimes and came coupled with Dilworth's failure to participate in required substance abuse treatment.

We also appreciate the district court's consternation with Dilworth's decision to abandon the probation process in May 2017 and his unwillingness to rectify that failure for 10 months. And Dilworth then turned up only when he was taken into custody on the warrant for the probation violations. The district court sympathized with the deaths in Dilworth's family but found the reasons his lawyer offered in mitigation to be too little to

5

offset Dilworth's continuing and ultimately complete failure to follow through on probation. In reviewing the record, we readily conclude other district courts would have revoked the probation and sent Dilworth to prison to serve the original sentence of 56 months without any reduction. There was no abuse of judicial discretion.

Affirmed.