NOT DESIGNATED FOR PUBLICATION

No. 123,131

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PETER W. HENDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: The trial court placed Peter W. Henderson on probation after he pleaded guilty to theft for the crime committed in April 2018. On July 15, 2020, the trial court revoked his probation and imposed his underlying prison sentence. Henderson appeals, arguing the trial court abused its discretion by imposing his underlying prison sentence instead of reinstating him on probation. We disagree.

The trial court revoked Henderson's probation after he stipulated to committing a new crime. The new crime allows a trial court to bypass the statutory graduated sanctioning scheme. Moreover, Henderson's probation was originally granted as the

1

result of a dispositional departure, which also allows a trial court to bypass the statutory graduated sanctioning scheme. We affirm.

*Factual and procedural background*

Henderson pleaded guilty to theft on May 15, 2019, under a plea agreement. As part of the agreement, both parties agreed to recommend a dispositional departure to probation.

Henderson's criminal history score was A, placing him in presumptive prison on the sentencing grid. The trial court sentenced Henderson to 17 months' imprisonment, before granting the departure motion and placing Henderson on 36 months' probation.

On December 9, 2019, the trial court held a probation violation hearing. Henderson stipulated to violating the conditions of his probation. The trial court sentenced him to a 3-day quick dip and authorized an additional 18-day jail sanction.

The trial court held another probation violation hearing on July 15, 2020. Henderson again stipulated to the violations: (1) for not providing proof of completing his required community service hours each month, (2) for not making the minimum $50 payment each month toward his restitution, and (3) for driving without a license. The trial court revoked Henderson's probation and imposed his underlying sentence.

Henderson timely appeals.

*Revocation of Henderson's probation*

Henderson alleges that the trial court abused its discretion when it ordered him to serve his underlying sentence instead of reinstating him on probation. Henderson does

not explain why, or in what manner, the trial court's actions constituted an abuse of discretion.

An appellate court reviews the propriety of a sanction imposed by a trial court for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging an abuse of discretion has the burden of proving its existence. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A trial court possesses limited authority to revoke an offender's probation and impose an underlying sentence. As an example, the trial court must exhaust the statutorily prescribed intermediate sanctions unless an enumerated exception exists to bypass intermediate sanctions. See *State v. Dooley*, 308 Kan. 641, 648-49, 423 P.3d 469 (2018).

The trial court revoked Henderson's probation and imposed his underlying sentence because Henderson failed to provide proof of completing the required amount of community service and failed to make the minimum payment toward restitution each month, as well as for being observed driving without a valid license. Henderson stipulated to those violations. Driving a car without a license is a nonperson misdemeanor. See K.S.A. 2020 Supp. 8-262(a)(1). A trial court may bypass intermediate sanctions when an offender commits a new felony or misdemeanor while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A).

By stipulating to driving a car without a license, Henderson admitted to committing a new misdemeanor while on probation. Although the record does not show that the State charged Henderson with any crime, a criminal conviction or charge is not required to revoke probation and impose an underlying sentence under the new crime exception. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). A trial

3

court may revoke probation upon a commission of a new crime even if the offender was charged but later acquitted, or the case is dismissed. 38 Kan. App. 2d at 315. Henderson's stipulation is sufficient to prove he committed a new crime while on probation. See *State v. Kyles*, No. 112,430, 2015 WL 5613265, at *4 (Kan. App. 2015) (unpublished opinion) (holding defendant's admission he had been "'dealing'" with DUI case while on probation, along with other, similar testimony, was sufficient to warrant a conclusion that defendant had committed new felony or misdemeanor while on probation).

Henderson had already received a 72-hour quick dip from the trial court. He struggled to comply with his probation, culminating in his stipulation to committing a crime. A reasonable person could agree with the trial court's decision to impose his underlying sentence.

Also, though not listed in the journal entry, the trial court discussed with Henderson the fact that his probation was granted as the result of a dispositional departure. The trial court explained to Henderson that he was given a special chance with probation. A trial court may bypass intermediate sanctions and impose the underlying sentence when probation was originally granted as the result of a dispositional departure. See K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Because the trial court did not abuse its discretion by revoking probation and imposing Henderson's underlying prison sentence, we affirm.

Affirmed.

4