NOT DESIGNATED FOR PUBLICATION

No. 127,871

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERTO CARLOS CANSECO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed March 7, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ATCHESON, P.J., COBLE and PICKERING, JJ.

PER CURIAM: Defendant Roberto Carlos Canseco appeals the decision of the Sedgwick County District Court revoking his probation and ordering him to serve a controlling 11-month prison term. Because Canseco admitted the probation violations, we review the district court's determination to revoke his probation for an abuse of judicial discretion. Given that deferential standard and the factual record, the Appellate Defender Office moved for summary disposition of the appeal. Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State agreed summary disposition would be appropriate. We granted the motion. Having reviewed the parties' submissions and the relevant record, we find no abuse of discretion and affirm.

1

In October 2023, Canseco pleaded guilty to one felony charge of interference with a law enforcement officer and three misdemeanor charges of domestic battery. The district court later sentenced Canseco to serve 11 months in prison on the felony conviction with postrelease supervision for 12 months and placed him on probation for 18 months, reflecting a presumptive guidelines sentence. The district court sentenced Canseco to six months in jail on each misdemeanor conviction to be served consecutively to each other and to the felony sentence and granted him probation on those sentences.

About four months later, the State filed successive warrants for probation violations. In the first, the State alleged Canseco committed criminal damage to property—a new crime—and referred to a Wichita Police Department report. The warrant also alleged Canseco had failed to undergo a mental health evaluation and to make payments on court costs. Both were conditions of his probation. The second warrant alleged Canseco violated a no-contact order by meeting with his former domestic partner, the victim of the domestic batteries. According to the warrant, that interaction generated a Wichita Police Department report.

At the probation revocation hearing, Canseco stipulated to all of the violations outlined in the warrants. Both he and his lawyer beseeched the district court to continue the probation. They focused on Canseco's ongoing mental health issues and his failure to regularly take his prescribed medication. Without the medication, Canseco could be volatile. They also informed the district court that Canseco had lined up employment. The prosecutor relayed that she had spoken to Canseco's brother and that he had confirmed Canseco's mental health struggles. But the prosecutor pointed to Canseco's failure to get a mental health evaluation coupled with his recent criminal conduct and ultimately argued for revoking the probation.

The record—including the probation revocation hearing transcript—contains no details about the criminal damage to property. The district court did not know what

property had been damaged, who owned the property, or whether the damage would support a misdemeanor or felony charge. See K.S.A. 21-5813(c)(3) (criminal damage of less than $1,000 constitutes misdemeanor and $1,000 or more supports various severity level felonies). Neither do we. Similarly, the record includes only Canseco's explanation that he met with his former domestic partner to discuss their children and an ongoing child in need of care proceeding potentially affecting their parental rights. See K.S.A. 38-2201 et seq. (Revised Kansas Code for Care of Children). Nothing indicates why police officers became involved in that contact or what prompted their report.

At the conclusion of the hearing, the district court stated without much elaboration that Conseco was "not amenable to probation" and simply cited the criminal damage to property incident, his violation of the no-contact order, and his failure to get the required mental health evaluation. The district court then ordered Canseco to serve the original 11-month prison sentence and modified the misdemeanor sentences to run concurrent with each other and concurrent with the prison term. Canseco has timely appealed.

A district court's decision to revoke probation entails two steps: (1) A factual determination, supported by a preponderance of the evidence, that the probationer has violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). Canseco's admission of the violations satisfied the first step and obviated the State's need to prove a probation violation. See 281 Kan. at 1170; *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We review a district court's decision on how best to address an established probation violation for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable; rests on a substantive error of law; or entails a material mistake of fact.

3

*State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Canseco carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

But district courts do not have wholly unfettered authority in dealing with admitted probation violators. Under K.S.A. 22-3716(c), a district court typically should impose an intermediate sanction of two or three days in jail for an initial set of probation violations, especially if they are comparatively minor. The district court may bypass those sanctions for specific statutory reasons: (1) the defendant received a departure sentence to probation; (2) the defendant violated his probation by committing a felony or misdemeanor during the probationary period; (3) the defendant absconded; or (4) upon a particularized finding that the public safety or the defendant's welfare would not be served by the sanction. K.S.A. 22-3716(c)(7)(A)-(D). Here, Canseco's admission to committing an act amounting to criminal damage to property in violation of K.S.A. 21-5813 permitted the district court to revoke his probation without having previously imposed an intermediate sanction.

So the district court had the legal authority to revoke Canseco's probation, and it plainly recognized as much since it exercised that authority. Likewise, the district court understood the facts, such as they were. The paucity of independent details about the probation violations might cause some observers to characterize the district court's decision as harsh or unforgiving. But that is not the measure of an abuse of judicial discretion for a ruling based on the governing law and grounded in an understanding of the factual record. And we are unwilling to say that no other district court would have ruled in the same way in comparable circumstances. In short, the district court's conclusion fell within the broad latitude of judicial discretion.

Affirmed.

4